## C. H. PRATT v. N. L. ARD.

No. 12,326.   (65 Pac. 255.)

### SYLLABUS BY THE COURT.

1. TITLE AND OWNERSHIP—*Prescription.* The cases of *Anderson v. Burnham*, 52 Kan. 454, 34 Pac. 1056, and *Guinn v. Spillman*, 52 Kan. 496, 35 Pac. 13, followed.

2. ———— *The Extent of Actual Occupancy of the Premises.* The actual occupancy of a small portion of an entire tract of land, which entire tract has been marked by locating the corners and plowing around the outer lines, must be deemed to be an occupation of the whole premises so marked, for the purpose of starting and continuing the running of the statute of limitations. Such actual occupancy is not limited in its operation for that purpose to the portion thus occupied.

Error from Allen district court; L. STILLWELL, judge. Opinion filed June 8, 1901. Division one. Affirmed.

### STATEMENT.

THIS is an action in ejectment, brought on November 27, 1894, by the plaintiff in error, to recover from the defendant in error the east half of the south-

east quarter of section 2, in township 26, range 20, in Allen county, Kansas.   Plaintiff claimed under a patent issued to the Missouri, Kansas & Texas Railway Company, dated November 3, 1873.   The defendant claimed under the fifteen-year statute of limitation.   In 1866 the defendant took and claimed as a government homestead the west half of this southeast quarter and the north half of the northeast quarter of section 11, while his brother made a like claim to the south half of the northeast quarter of section 2.   They each plowed out a hedgerow along the outer lines of their homestead claims, and defendant made other improvements on the west eighty of the southeast quarter and proceeded to occupy the same under the homestead laws.   In 1869 defendant staked off the land in controversy by putting stakes at the corners and plowed for a hedgerow along its east line, intending thereby to mark its boundaries for the purpose of taking it as a timber claim.   He, however, proceeded no further in accordance with the acts of congress relative to such claims. He plowed and cultivated this hedgerow from that time until about the year 1875, when there was a county road laid out along this section line.   After that he plowed a few furrows along the east line next to the road, for the purpose of a fire-guard.   About 1873 he built a hog-pen, corral and corn-crib on the southwest corner of the eighty, near his house, which was located on the southeast corner of his homestead eighty.   These buildings were not of a very substantial character, and about 1878 or 1879 they were removed, and the land where they had been located, to the extent of about one acre, was cultivated from that on in a truck or garden patch.   In the spring of 1890, the defendant enclosed the entire eighty with a wire

fence and broke out some thirty or forty acres of it. Up to this time the land had been unbroken prairie, and the defendant had used it for pasture and had cut and put up hay thereon. On occasions he would sell portions of the grass grown thereon to his neighbors. This eighty, in connection with the other two, was known generally in the neighborhood as "Ard's claim." Defendant never paid any taxes on the land; they were paid by the plaintiff or his grantor.

In 1889 a brother of the defendant, desiring to purchase the land in controversy, went to see the plaintiff, the defendant accompanying him. The brother, in the presence and hearing of the defendant, made a bargain for the purchase of the land, defendant making no objections thereto. This bargain, however, was never carried out, and the plaintiff did not part with the title to the land. The evidence is that the brother had, before going to see the plaintiff, made arrangements with defendant to purchase his claim on the land provided he bought the title from the plaintiff.

Upon these facts the trial court, without a jury, found for the defendant, and adjudged that his possession had been of such character as to give him title under the fifteen-year statute of limitations.

*T. N. Sedgwick*, for plaintiff in error.

*Ewing & Savage*, for defendant in error.

The opinion of the court was delivered by

CUNNINGHAM, J.: We are compelled to affirm the judgment of the court below on the authority of *Anderson v. Burnham*, 52 Kan. 454, 34 Pac. 1056, and *Guinn v. Spillman*, 52 id. 496, 35 Pac. 13. In the former case this court held that "possession of land

by an adverse occupant for more than fifteen years, which is actual, notorious, continuous, and exclusive, will give title thereto, although such possession is entirely destitute of color of title." Of this declaration of the law we do not understand that plaintiff in error complains, but rather of the court's application of it to the facts of this case. He contends that, inasmuch as the marking of the corners of the land in controversy and the plowing of the hedgerow along its east line were done while the land yet belonged to the government, these acts should not be referred to and connected with subsequent acts of ownership, so that on such subsequent acts might be predicated a claim of possession to the entire tract; that the acts of building the temporary structures on the southwest corner and, after the removal of the same, of cultivating the small patch of ground upon which they stood were fugitive ones and inadequate to fasten a claim of occupancy upon the entire eighty; that, if good for anything, they were sufficient to start and keep running the statute only as to the land thus actually occupied. Under the authority of the cases cited, and others, we must withhold our assent to this claim, although it is presented with much force and vigor by counsel for plaintiff in error.

The claim made by the defendant in error is that the marking of the corners of the land and the plowing of the hedgerow along the east line, which with the connecting lines completely enclosed the eighty, were continuing acts. His acts indicating ownership of any portion of the land must be referred to and interpreted by this claim. The erection of buildings upon and the plowing and cultivating of portions of the land were an assertion of title to the entire tract indicated by the boundaries marked. From yea to

year defendant in error lariated his horses upon por-
tions of the land, cut and stacked hay upon other
portions, and assumed ownership of it by selling to
his neighbors the right to cut hay thereon, or by
selling to them hay cut therefrom. All these acts
"proclaimed to all that he was exercising acts of
ownership over the land inconsistent with the rights of
the real owner," and they were such acts as were ap-
propriate "according to the locality and quality of the
property." These continuous acts finally culminated
in enclosing the tract with a wire fence and plowing a
large part of it. During all the time no one else was
making any claim to the possession of the land, or
any portion of it. In the light of this evidence, we
are not able to say that the trial court was not justi-
fied in finding for the defendant, and such finding
having been made, we may not disturb it.

It is further suggested by the plaintiff that the de-
fendant, being aware of the fact that his brother was
negotiating for the purchase of this land from the
plaintiff and assenting to the same "provided his
brother also paid him for his right or claim to the
land," thereby acknowledged the title to be in the
plaintiff and by such acknowledgment arrested the
running of the statute of limitations, if it had com-
menced to run in favor of the defendant. It is un-
doubtedly true that the statute would have been
suspended by any act which would have amounted to
a recognition of plaintiff's ownership of the land by
the defendant. We do not think the facts shown
amount to such a recognition. The most that can be
said is that the defendant was willing that his brother
should purchase the title held by the plaintiff, the
brother having arranged, in case such purchase
should be consummated, to buy out the defendant.

Manufacturing Co. v. Best.

This, instead of showing a recognition of a paramount title in the plaintiff, shows an existing claim on the part of the defendant.

The judgment of the court below must be affirmed.

JOHNSTON, GREENE, ELLIS, JJ., concurring.