CONRAD LIEBHEIT *et ux.* V. E. A. ENRIGHT.

No. 15,392.   (94 Pac. 203.)

SYLLABUS BY THE COURT.

1. PLEADING—*Title and Ownership—Adverse Possession—Tax Title—Election.* One holding adverse possession of land may protect his possession and right to the land by the purchase of an outstanding tax title against it, and when his ownership is attacked may set up a claim of title both by adverse possession and under his tax deed. He cannot be required to elect upon which right he will rely, as they are not necessarily inconsistent.

2. EVIDENCE — *Adverse Possession — Declarations of Occupant.* In an action where there is an issue of adverse possession of land the declarations of the occupant which import title in himself and give color to his possession are admissible in evidence as verbal parts of his act of occupation.

Error from Wyandotte district court; J. MCCABE MOORE, judge. Opinion filed February 8, 1908. Affirmed.

*Bird & Pope,* for plaintiffs in error.

*E. A. Enright, pro se.*

The opinion of the court was delivered by

JOHNSTON, C. J.: In a suit by E. A. Enright to quiet his title to a fractional lot in Kansas City, as against Conrad Liebheit and Louise Liebheit, he claimed title

21—77 KAN.

to the lot because of adverse possession by himself and predecessors for the statutory period and also under a tax deed recently acquired from another. The court found generally in favor of Enright, and the Liebheits complain of a ruling refusing to require Enright to elect upon which title he would rely.

Enright could not be put to an election, as the two titles, or rights, under which he claimed were not antagonistic. Proof of one did not necessarily disprove or destroy the other. There was no reason why the plaintiff, holding under adverse possession, should not fortify and protect his possession and title thereunder by procuring an outstanding tax title from another party, nor any reason why he might not set up both as against the defendants. (*Douglas v. Muse* [Kan. 1900, not reported,], 61 Pac. 413; *Omaha & Florence L. & T. Co. v. Hansen*, 32 Neb. 449, 49 N. W. 456.)

To establish adverse possession Enright introduced testimony tending to show that R. E. Bullett, under whom he held, had been in possession of the lot, claiming title and exercising acts of ownership over it, from the summer of 1889 continuously until he sold it to C. W. Brewer, in 1902, who in turn conveyed it to Enright, and that together they had had uninterrupted possession for the statutory period. To reinforce this testimony and give color to the occupancy of Bullett his declarations importing a claim of title in himself were admitted in evidence over the objections of the defendants. The declarations were made while he was in possession. They serve to give the possession an adverse color, to show the character of the right he was asserting, and are admissible as verbal parts of his act of occupation. (*Rand v. Huff* [Kan. 1898, not reported,], 53 Pac. 483; 3 Wig. Ev. § 1778.)

The character of the possession is attacked by the Leibheits, who insist that the evidence is insufficient to show that Bullett's occupancy was such as to give title by adverse possession. The lot adjoined one upon which Bullett built his house, and both lots were graded

at the same time and at considerable expense. The fractional lot was thereafter used in connection with the other as his home. Part of it was used as an entrance to his barn and as a barn-yard. Sheds were built and vehicles and implements were placed on the lot, and lumber and other articles were stored there. He fenced it with wire and used it as a pasture, truck garden and playground. His occupation was open and notorious; it was exclusive and continuous, and appears to have been of such a character as to give notice to all that he was asserting a right to the land in himself.

It is said, however, that he went into possession of the lot without any color of title, but this did not prevent him from taking hostile possession and acquiring title by adverse possession. In *Anderson v. Burnham,* 52 Kan. 454, 34 Pac. 1056, it was said that "possession of land by an adverse occupant for more than fifteen years, which is actual, notorious, continuous, and exclusive, will give title thereto, although such possession is entirely destitute of color of title." (Syllabus. See, also, *Pratt v. Ard,* 63 Kan. 182, 65 Pac. 255; *Bird v. Whetstone,* 71 Kan. 430, 80 Pac. 942.)

There being proof of adverse possession sufficient to give title and to sustain the finding and judgment of the court, it is unnecessary to consider the claim of right under the tax title.

The judgment of the district court is affirmed.