No. 24,034.

MINNIE VAN DOREN et al., *Appellees,* v. OLA WOLF et al. (FRED R. ETCHEN, *Appellant*).

SYLLABUS BY THE COURT.

1. LAND SOLD FOR TAXES—*Sheriff's Deed Issued—Holder of Unrecorded Deed Barred of All Interest in the Land.* Where the taxes on real estate became delinquent and the county foreclosed its lien thereon and a sheriff's deed was issued to the purchaser, pursuant to the judgment in foreclosure, the holder of an unrecorded deed who is not shown to have been in possession at the time when the foreclosure proceedings were begun is barred of all interest in the property as against those claiming under the sheriff's deed.

2. STATUTES—*Remedial Statutes—Construed to Conform to Legislative Intent.* When the legislative purpose in amending a remedial statute is plain and obvious, that purpose is not to be defeated by too critical a construction of an inharmonious element in its related context, when there can be no uncertainty in giving it a construction which will conform to the legislative intent.

3. TAX DEED—*Void Mortgage Recorded—Refusal of Mortgagee to Cancel of Record—Statutory Penalties Enforceable.* After foreclosure of tax liens by the county and the issuance of a sheriff's deed pursuant to the judgment entered therein, the recording of a mortgage executed by the holder of a deed antedating the foreclosure proceedings, which deed was not recorded until afterwards, is a cloud on the title of the holders under the sheriff's deed, and it is the duty of the mortgagee to discharge it of record on their demand; and the mortgagee's refusal so to do subjects him to liability for actual damages, statutory damages and an attorney's fee in favor of the parties aggrieved thereby, as provided in chapters 253 and 251 of the Laws of 1915 (Gen. Stat. 1915, §§ 6471, 3531-3536).

Appeal from Montgomery district court; P. L. COURTWRIGHT, judge *pro tem.*
Opinion filed December 9, 1922. Affirmed.

*W. E. Ziegler,* and *A. M. Etchen,* both of Coffeyville, for the appellant.

*A. R. Lamb,* and *Clement A. Reed,* both of Coffeyville, for the appellees.

The opinion of the court was delivered by

DAWSON, J.: The plaintiffs brought this action to quiet their title to a town lot in Coffeyville and for statutory damages and attorney's fees for defendant's failure to release a mortgage on that property in compliance with plaintiff's demand.

It appears that some ten years ago the record holder of the fee title, John D. Wright, permitted the taxes on the property to become delinquent; that the county foreclosed its tax liens thereon; and that pursuant thereto a sheriff's deed, dated and filed December 14, 1916, was issued to plaintiffs' predecessors in title. Plaintiffs entered into possession at some date not shown, but it is conceded that they were in possession when this action was begun.

On May 13, 1918, one Ola Wolf filed of record a warranty deed executed by John D. Wright, dated March 27, 1911, conveying the lot to her. On June 13, 1918, this woman mortgaged the property to Fred Etchen, the defendant, and he recorded it the following day. Because of the recording of this mortgage and because of defendant's refusal to discharge it on timely demand of plaintiffs, this action was begun.

The trial court found generally for plaintiffs; that the defendant's mortgage so far as it affected the plaintiffs should be canceled and removed as a cloud on their title; and judgment quieting title and for statutory damages and attorney's fees was entered for plaintiffs.

Defendant appeals, urging an infirmity in the foreclosure case and a consequent defect in the sheriff's deed, because Ola Wolf was not served with summons and that she had gone "into possession of the property at the time it was conveyed to her." The service of summons was duly made on the record title holder, which made the judgment good against Ola Wolf unless she was in possession. Nor is it clear what defense Ola Wolf could have made to the suit in foreclosure even if it were true that she had been in possession. The foreclosure of the tax liens and sale of the property pursuant thereto were prerogative acts of sovereignty whereby a new and independent title issued from the public to a new grantee, and all rights dependent on the old fee title were swept away. But be

that as it may, there is no showing in the record submitted to us that Ola Wolf ever had been in possession of this property. That matter rests merely on an *aliunde* statement of her counsel and no significance can be given to it. The answer admits that plaintiffs were in possession at the time they brought this action.

It is next argued that the damages and attorney's fees allowed by section 6471 of the General Statutes of 1915 for the mortgagee's failure to enter satisfaction of a mortgage on demand of the mortgagor or his heirs or assigns do not apply to this case, because the mortgage has not been satisfied, and the plaintiffs are not the mortgagors nor do they hold under such mortgagors. That section is part of the original mortgage statute of 1868 (Gen. Stat. 1868, ch. 8, § 8) as amended by section 1 of chapter 175 of the laws of 1889, and as amended by section 1 of chapter 253 of the Laws of 1915. The statute now reads:

"When any mortgage of real estate shall be paid, *or when a mortgage shall be recorded in the office of the register of deeds, covering real property in which the mortgagor has no interest,* it shall be the duty of the mortgagee or his assignee within sixty days [formerly 30 days] after demand, in case demand can be made, by the mortgagor, his heirs or assigns, or by anyone acting for such mortgagor, his heirs or assigns, to enter satisfaction or cause satisfaction of such mortgage to be entered of record without charge; and any mortgagee or assignee of such mortgages [formerly mortgagee] who shall refuse or neglect to enter satisfaction of such mortgage as is provided by this act shall be liable in damages to such mortgagor, or his grantee or heirs, in the sum of one hundred dollars, together with a reasonable attorney's fee for preparing and prosecuting such suit; and the plaintiff in such action may recover any additional damages that the evidence in the case will warrant. Civil actions may be brought under this act before any court of competent jurisdiction, and attachments may be had as in other cases." (Gen. Stat. 1915, § 6471.)

The material change in the statute by the amendment of 1915 was the inclusion of the words which we have italicized in quoting the above section. It seems clear that the amendment intended to reach the sort of case we are now considering, although the prerequisites of the older statute—demand by the mortgagor, his heirs or assigns, and the mortgagee's refusal of such demand—were not correspondingly broadened or modified to harmonize with the enlarged scope of the italicized language indicated in the amendment. However, unless the remedial purpose of the legislature is to be judicially frustrated, it must be held that the words "mortgagor, his heirs or assigns," should be broadly construed to mean the

Van Doren v. Etchen.

party in interest—the party aggrieved by the recording of the invalid mortgage. This only makes the letter of the statute yield to its obvious intent under pertinent and authoritative rules of interpretation. (*Coney v. City of Topeka,* 96 Kan. 46, 49, 149 Pac. 689.) Morever, the same legislature which made this amendment enacted another statute containing an adequate remedial provision substantially similar but more comprehensive than that intended in section 6471. This other statute is chapter 251 of the Session Laws of 1915 (Gen. Stat. 1915, §§ 3531-3536) entitled:

. "An act to prohibit the making and placing of record false, fictitious and fraudulent mortgages on real estate and providing penalties for the violation thereof."

Section 1 of this act declares it to be unlawful for any person intentionally to place of record any mortgage on real property other than his own, or "for any person to take or receive and place of record any such mortgage . . . knowing same to be false, fictitious or fraudulent."

Section 2 declares any violations of the act to be a misdemeanor and prescribes its punishment, and allows to the owner such damages "as provided in the next section [3] of this act."

Section 3 reads:

"That it shall be the duty of the person so placing said mortgage of record or causing same to be done or making it possible that same be done, within thirty days after demand, in case demand can be made, by the owner of the real estate, his heirs or assigns, or by anyone acting for such owner, his heirs or assigns, to cause satisfaction of such mortgage to be entered of record without charge or expense to the owner, his heirs or assigns; and any such person who shall refuse or neglect to enter satisfaction of such mortgage as is provided by this act shall be liable in damages to such owner, his heirs or assigns, in the sum of one hundred dollars, together with a reasonable attorney's fee for preparing and prosecuting such suit; and the plaintiff in such action may recover any additional damages that the evidence in the case will warrant. Civil actions may be brought under this act before any court of competent jurisdiction, and attachments may be had as in other cases."

Sections 4, 5 and 6 are not here pertinent.

There can be no doubt that the civil action allowed to the injured owner of real estate by both of these acts is remedial in character and that they are entitled to liberal construction to accomplish the purposes of the legislature in their enactment. Both statutes fairly cover the case at bar. Defendant knew or should have known that he was placing a cloud on plaintiff's title when he placed his

mortgage of record; and whether he then knew of the wrong he was committing or not, he was given due notice thereof by plaintiffs' demand that he discharge it. His refusal to comply therewith has unjustly annoyed and damaged the plaintiffs, and they are entitled to the redress provided by law.

Judgment affirmed.