### No. 3486.—STATE v. CHARLES EARLE and JOHN GARVEY.

In all criminal prosecutions in which the punishment at hard labor is twelve months or more, the accused is entitled to twelve peremptory challenges to the jurors chosen to try the cause, and in like manner the State is entitled to six peremptory challenges in each prosecution. Revised Statutes of 1870, section 998.

In case, therefore, that more than one accused has been put on trial for the same offense in the same indictment, the State will not thereby gain the right of peremptorily challenging more than six jurors, who have been chosen to try the cause.

APPEAL from the First District Court, parish of Orleans. Abell, J. S. Belden, Attorney General, for the State. A. A. Atocha, for defendants and appellants.

HOWE, J. The defendants having been found guilty of murder and sentenced accordingly, have appealed to this court. They make five points here, of which, however, it will be necessary to examine but one.

It appears from an inspection of the first bill of exceptions taken during the trial, that the State was allowed to challenge peremptorily more than six jurors, the court below deciding that each prisoner was entitled to twelve peremptory challenges and "the State to six for each accused."

It is true that each defendant was entitled to twelve peremptory challenges, but it by no means follows that the State is entitled to six for each defendant. The State has no rights in the matter beyond those conferred by the statute, and the statute declares that "in all criminal prosecutions wherein the defendant is allowed peremptory

State v. Earle and Garvey.

·challenges, the State shall also be allowed to challenge without cause any number not exceeding six." R. S. 1870, sec. 998. This means, ·clearly, six in a single prosecution—in the trial of a single indictment—without any reference to the number of defendants included in the prosecution, or mentioned in the indictment. The language is plain, the case at bar is within its provisions, and we are, therefore, ·constrained to think the court erred in allowing the number of peremptory challenges by the State to exceed six.

The precise question in this case was decided by the Supreme Court ·of Ohio in the year 1840 in the same way, under a statute which we think practically identical in this respect with our own. In the law of Ohio the phrase "trial of an indictment" was used instead of "criminal prosecution," and the right to challenge, peremptorily, *two* of the pannel was given to "every prosecuting attorney" and "every defendant." The lower court, in a case where there were three defendants, having allowed the State *six* peremptory challenges, the Supreme Court, in reversing the judgment, said:

"There was but one indictment, and on the part of the State the right of peremptory challenge should have been confined to two, while each of the defendants could, in like manner, legally object to the same number. Had the defendants been separately tried, the indictment would have been separate as to each, and on every trial the .State's right to such challenge of two of the jurors would have been legal, but upon a joint trial it is otherwise."

We are constrained to order a new trial.

It is therefore ordered that the judgment appealed from be reversed, .and that the cause be remanded for a new trial.