### No. 796.

### STATE OF LOUISIANA v. JEAN GAY, FILS, et als.

Where the defendants were fully informed by the allegations of the indictment of the offense with which they were charged, it was unnecessary to allege also the common law ingredients of the crime of rape, with the intent to commit which the accompanying offense of burglary was charged.

The duty imposed by law with regard to the venire of the jury is ministerial, and one which can be performed by a deputy of one of the specified officers, when legally appointed.

The challenge to a juror, whose native tongue was the French, and who did not understand the English language, was properly sustained.

The proceedings of the court are required to be conducted in the English language—and the fact that the judge, counsel, witnesses, and accused understand and speak other languages can not dispense with this requirement. Jurors, to be competent, must be able to understand all the pleadings and proceedings, as they must be considered by them.

The right of the State to challenge without cause is limited to the number six, whatever may be the number of defendants joined in the indictment.

APPEAL from the Eighth Judicial District Court, parish of St. Landry, King, J. Criminal case—G. W. Hudspeth, District Attorney, for the State. B. A. Martel and G. H. Wells for defendants.

HOWELL, J. The defendants, Jean Gay Fils, and Joseph Duplechain, having been found guilty of breaking and entering a dwelling house in the night time with intent to commit a rape, have appealed from the judgment sentencing them to imprisonment at hard labor in the State penitentiary for life. They assign as error:

First—The court a qua erred in overruling their demurrer to the indictment against them, because the said indictment describes the crime of rape by its technical name only; and the intent to commit rape being of the essence of the crime charged, the indictment is, fatally defective in not containing all the common law requirements or ingredients of that specific crime, as provided in the 976th section of the Revised Statutes.

The defendants were indicted for a statutory offense against a habitation, denounced in section 850, Revised Statutes, to wit, breaking and entering a dwelling house at night time, and being armed with a dangerous weapon, with the intent to commit a rape upon a certain person, at the time lawfully in said house. The indictment is a compliance with said statute. It charges the felonious and burglarious breaking and entering a dwelling house at a certain hour of the night of a certain day, with the unlawful and felonious intent then and there, to commit the crime of rape in and upon a certain person then lawfully in said dwelling house; the said accused each being armed at the time with a certain dangerous weapon. They were fully informed, by the allegations of the indictment, of the offense with which they were charged, and it was unnecessary to allege also the common law ingredients of the crime of rape, with the intent to commit which the said offense of burglary was charged.

*Second*—The venire of the jury, from which were selected the jurors who tried this cause, was drawn by the parish judge, deputy sheriff, and a deputy clerk of the court, while the 2127th section of the Revised Statutes requires that it should have been drawn by the parish judge, the sheriff and the clerk of the court—the duty being one which can not be performed by a deputy.

We consider the duty in this regard to be ministerial and one which can be performed by a deputy of one of the specified officers, when legally appointed.

*Third*—The court erred in sustaining the challenge to the juror, Eugene Joubert, for the cause, that he could not speak nor understand the English language, when his native tongue was the French; most of the witnesses testified in French; the judge and one of the counsel spoke French, and a translator was appointed.

The court did not err. The proceedings of the court are required to be conducted in the English language, and the fact that the judge, counsel, witnesses and accused, understand and speak other languages can not dispense with this requirement. The jurors, to be competent, must be able to understand all the pleadings and proceedings, as they must be considered by them.

*Fourth*—The court erred in allowing the State more than six peremptory challenges.

This assignment is well made. In the case of the State *v.* Earle and Garvey, 24 An. 38, we held that in each criminal prosecution the right of the State to challenge without cause is limited to the number six, however many defendants may be joined therein. This necessitates a new trial.

It is therefore ordered that the judgment appealed from be reversed, and that this cause be remanded for a new trial.