digging of the canal. This item cannot be allowed.

 Defendants seek to offset the damages suffered by plaintiff by the benefits that the remainder of the tract has derived from the enterprise. Defendants are not entitled to such an offset. Plaintiff is presumed to pay for these benefits by the taxes he pays on the land for the digging of the canal. He cannot be made to pay twice for the improvement— once, by way of taxation, and again, by way of offsetting the damages he has suffered with the benefits that his land has received.

Our conclusion is that the trial judge has done substantial justice between the parties, and that his judgment should not be disturbed.

For the reasons assigned, the judgment appealed from is affirmed.

(119 So. 261)

No. 29600.

## STATE v. BERTRAND.

Nov. 26, 1928.

George K. Perrault and Alfred V. Pavy, both of Opelousas, and George L. Fontenot, of Ville Platte, for appellant.

Percy Saint, Atty. Gen., R. Lee Garland, Dist. Atty., of Opelousas, and E. R. Schowalter, Asst. Atty. Gen., for the State.

OVERTON, J. Defendant is charged with having killed, on April 8, 1928, one Marshall Vidrine; the indictment returned being one for manslaughter. He was found guilty of the charge and sentenced to the penitentiary.

 In the impaneling of the jury, after the state had exhausted 6 peremptory challenges, it challenged peremptorily, over the objection of defendant, 5 more jurors, thus making the total number of peremptory challenges, exhausted by it, 11. The ground upon which the defendant objected to the exercise of the 5 additional peremptory challenges by the state was that, under the law applicable to the case, the state was entitled to only 6 peremptory challenges. The trial judge, however, was not in accord with the view that the state was entitled to only 6 peremptory

challenges, and ruled that, as the offense charged against defendant was punishable necessarily at hard labor, the state, under article 354 of the Code of Criminal Procedure, approved July 2, 1928, was entitled to 12 peremptory challenges.

At the time the offense, charged in this case, was committed, the state, in a case such as the present, where the punishment was necessarily at hard labor, was entitled to only 6 peremptory challenges. Section 14 of Act 135 of 1898. However, the Code of Criminal Procedure, which was adopted after the commission of the crime here charged, provides that, in all cases where the punishment is necessarily at hard labor, the state shall be entitled to 12 peremptory challenges. Code of Criminal Procedure, art. 354. If the Code of Criminal Procedure is applicable to the case, the court was correct in its ruling; but, if it is not applicable, it erred therein. There is no difficulty in deciding whether or not the court erred. Section 2 of article 583 of the Code of Criminal Procedure provides that:

"All law or parts of laws contrary to or in conflict with the provisions of this Code are hereby repealed: Provided that nothing herein contained shall apply to offenses committed prior to the adoption hereof, but every such offense shall be prosecuted and punished in the manner provided by the laws in force at the time of the commission of said offense; nor shall this Code affect any power conferred by law upon any court-martial, or military authority or military officer to impose or inflict punishment upon offenders."

Since the offense charged against defendant was committed prior to the adoption of the Code of Criminal Procedure, it is obvious by the very terms of that Code, that its provisions are not applicable to the case against defendant. It is clear, therefore, that the state was entitled to but 6 peremptory challenges, as provided in section 14 of Act 135 of 1898, the law in force at the time of the

commission of the offense, and not to 12, as provided in section 354 of the Code.

■ The state no longer contends that it was entitled to more than 6 peremptory challenges, for it frankly concedes that an inadvertent error was made in the provoking and making of the ruling by overlooking section 583 of the Code. The state, however, urges that the error made is not one that affords ground to set aside the verdict and the sentence. It calls attention to the fact that this court has repeatedly held that, if the trial court erroneously sustains a challenge made by the state for cause, the error thus made affords of itself no legal ground to the accused to complain, and urges that, as an error so made is not a legal ground for complaint, neither is an error, such as the one here committed, a ground for complaint, since in either instance the result is the erroneous sustaining of challenges, and thereby the erroneous exclusion of competent jurors from the jury.

This court has frequently held that the erroneous sustaining of a challenge for cause affords of itself to the accused no legal ground of complaint. State v. Shields, 33 La. Ann. 1410; State v. Creech, 38 La. Ann. 480; State v. Carries, 39 La. Ann. 931, 3 So. 56; State v. Kellogg, 104 La. 580, 29 So. 285. The reason generally assigned for this ruling is that the right of the accused, as relates to the impaneling of a jury to try him, is rather to object to jurors than to select them, and as the erroneous sustaining of a challenge for cause does not affect his right to object to jurors, and does not even involve it, he is without cause to complain. On the other hand, it has been held that, when the court errs by allowing the state more than the number of peremptory challenges fixed by law, the error is fatal. State v. Earle & Garvey, 24 La. Ann. 38, 13 Am. Rep. 109; State v. Gay, Fils et al., 25 La. Ann. 472; State v. Everage, 33 La. Ann. 120.

It is difficult at first blush to see why the erroneous sustaining of a challenge for cause affords the accused no legal ground of complaint, and yet why the allowing to the state more peremptory challenges than are granted it by law gives the accused the right to complain, since in either instance the result is the erroneous discarding of jurors. The jurisprudence throws no light upon why such a distinction should exist. However, the two rules are not inconsistent. The situation to which each applies is different. The number of challenges for cause necessarily is not fixed by law. As to whether a challenge for cause should be sustained involves the exercise of the discretion of the court, and it may be ordinarily said that, if the court errs in the exercise of its discretion by sustaining, without sufficient grounds therefor, the challenge for cause tendered by the state, the accused has no legal cause for complaint. On the other hand, the number of peremptory challenges allowed both the state and the accused is fixed by statute. The allowance of these challenges by the court does not involve the exercise of discretion. To permit the state to use more than the number of peremptory challenges allotted to it by the lawmaker is to try the accused in a manner not contemplated by law. The only way to protect an accused against permitting the state to use more peremptory challenges than are granted it by law is to set aside the verdict in the event that more than the law permits are allowed it by the trial court.

Our conclusion is that the allowance of the 5 additional peremptory challenges allowed the state is fatal to the verdict.

There are two more bills of exceptions urged by defendant in his brief. One of these relates to the overruling of a challenge for cause, urged by defendant against a juror, on the ground that the juror was not sufficiently conversant with the English language to sit on the jury. In view of the conclusion reached by us on the preceding bill, it is un-

necessary that we pass on this bill, for it is not at all likely that this juror will be called upon again to sit in the case. The remaining bill, urged by defendant, relates to allowing the state, in its cross-examination of one of defendant's witnesses, to go beyond the scope of the examination in chief. In our view the evidence elicited and complained of was sufficiently connected with the examination in chief to make the cross-examination, bringing it out, permissible. Mere doubts as to the propriety of the extent of the cross-examination are always resolved in favor of the cross-examination. Care should be exercised, however, not to exceed the proper bounds of the examination.

For the reasons assigned, the verdict and the sentence are annulled and set aside, and this case is remanded, to be proceeded with in accordance with the views herein expressed.

LAND, J., dissents.

THOMPSON, J. (dissenting). It is conceded that the accused had a fair trial by a jury of his own selection. No objectionable juror sat on the panel which convicted him. The only irregularity or illegality, if it can be styled such, made the basis for setting aside the verdict, is that the trial judge permitted the state to challenge peremptorily, and without alleging any cause, five more jurors than were allowed the state at the time the crime was committed, though the number challenged was one less than was allowed under the law at the time of the trial.

The opinion which annuls the verdict concedes that, if the state had challenged the five jurors for some declared cause and the judge had sustained such challenges, although such cause was unfounded in law and in fact, the defendant could not have complained, and the court would not have set aside the verdict.

And this has been the uniform ruling of this court.

The ruling in the three cases cited in the opinion herein is to the effect that it was error to allow the state more peremptory challenges than was allowed by the statute, but no reason is given as a basis for the holding, except the mere fact that the statute restricted the number to less than the state was permitted to exercise.

The court in those cases did not take into consideration the doctrine of "harmless error," which is now so well embedded in our jurisprudence.

I am unable to see how the accused could have suffered any injury in this case, any more than he would have suffered if the five jurors had been set aside on an unfounded challenge for cause at the instance of the state.

I cannot subscribe to a ruling which sets aside a conviction on such a trivial error as the one committed by the trial court, particularly where it is patent that the defendant has suffered no injury from the mere technical error made by the court.

I therefore dissent.