**REUBEN S. WILLIAMS v. CLARENCE PICHARD and KATHERINE PICHARD, his wife.**

7 So. (2nd) 468　　　　　　　　　　　Division B
April 10, 1942

Oven & Oven, for plaintiff in error.

Weldon G. Starry, for defendant in error.

PER CURIAM:

Plaintiff in error brought an action in ejectment against defendants in error, the latter being husband and wife, and the wife's claim in the disputed premises being limited to her inchoate right of dower. Both parties claimed from a common source of title and in addition the plaintiff claims by adverse possession through deed from Daniel B. Geddie and wife dated September 12, 1901. This appeal is from a final judgment in favor of the defendants.

In empanneling the jury, the trial court allowed the defendants five peremptory challenges. Such allowance is assigned as error.

Section 4359, Compiled General Laws of 1927, provides that at the trial of any civil cause each party shall be entitled to three peremptory challenges of jurors. If there are two or more defendants and their interests are separate or antagonistic each may be allowed the number of peremptory challenges prescribed by law but when their interests are common as in this case, it is error to allow more than the number prescribed by law.

The theory of the cases so holding appears to be that the right to a peremptory challenge is the right to reject and not the right to select and that no party to a cause has a right to any particular veniremen to try his case. It follows that if one party is allowed more peremptory challenges than the other, he is in effect given advantage in that he may select by indirection particular veriremen to try his cause. Schultz vs. Gilbert, 300 Ill. App. 417, 20 N. E. (2nd) 884; State v. Bertrand, 167 La. 373, 119 So. 261; 35 C. J. Section 468, page 409.

Two other questions are argued but they turn on proof vel non of a common boundary between the lots of the plaintiff and defendant being the subject of the litigation.

The lands in question are two adjoining lots in Leon County. It is contended by plaintiff and not denied by defendant that the boundary between said lots was uncertain but that the owners agreed on a certain line as the permanent boundary, erected a fence thereon and lived by the agreement by actual occupation of the lots for many years. The fence was destroyed

more than seven years later and defendant still later erected a brick wall over the original fence line trespassing on the plaintiff's lot; hence this litigation.

If as a matter of fact a common boundary was agreed on and proven and a fence erected thereon as contended, that settled the boundary between the lots and that question is controlled by Watrous v. Morrison, 33 Fla. 261, 14 So. 805; Kilgore v. Leary, 131 Fla. 715, 180 So. 35; Acosta v. Gingles, 70 Fla. 13, 69 So. 717; Bossom v. Gillman, 70 Fla. 310, 70 So. 364. Since the case must go back to be passed on by another jury, further comment on this point would not be appropriate.

Reversed.

BROWN, C. J., TERRELL, CHAPMAN and THOMAS, JJ., concur.