WIGGINTON, Judge.
Defendants have appealed an adverse final judgment finding title to a disputed strip of real property to be vested in the plaintiffs and granting a writ placing them in possession thereof.
Plaintiffs and defendants own adjoining parcels of land of approximately ten acres each. A dispute arose as to which of the parties own a strip of land measuring approximately 33 feet east and west and 235 feet north and south. The court, sitting as the trier of the facts and the law, found from the evidence that plaintiffs were the owners of the strip of land in question and entitled to its possession.
By their brief defendants analyze the evidence adduced at the trial in a light most favorable to themselves and, by so doing, assert that it establishes the fence separating their land on the east from plaintiffs’ land on the west was agreed to by the parties and their predecessors in title as the correct boundary separating their respective property holdings, and the fence line therefore became by acquiescence the true boundary between their respective parcels. Based upon this analysis of the evidence, appellants contend that they should be adjudged to be the owners of the disputed strip under authority of the decision rendered by this court in Williams v. Johntry[1] and the decision by the Supreme Court in Euse v. Gibbs.[2] If the undisputed evidence supported appellants’ conception of the facts established at the trial, then the authorities on which they rely would be controlling and require a reversal of the judgment appealed. Such, however, is not the case.
By his final judgment the trial court found from the evidence that a fence was erected on plaintiffs’ land by defendants’ predecessors in title but became deteriorated and partially fell down. After plaintiffs acquired title to their parcel, they consented for defendants to rebuild the fence for the purpose of containing their livestock, but the fence was never intended to or agreed upon by the adjacent landowners to represent a disputed or uncertain boundary line. The court further found from the evidence that neither of the parties to this cause, nor their predecessors in title, ever recognized or acquiesced in the fence line as the true boundary between their respective parcels of land. We find competent evidence to support the trial court’s findings which reach this court clothed with a presumption of correctness. Such findings will not be disturbed in the absence of a demonstration that they are clearly erroneous or constitute an abuse of discretion.[3]
We have carefully considered appellants’ remaining point on appeal but find it to be without merit. Appellants having failed to demonstrate reversible error, the judgment appealed is affirmed.
CARROLL, DONALD K., Acting C. J., and SPECTOR, J., concur.

. Williams v. Johntry (Fla.App.1968), 214 So.2d 62.

. Euse v. Gibbs (Fla.1951), 49 So.2d 843.

. Old Equity Life Insurance Company v. Levenson (Fla.App.1965), 177 So.2d 50; Stoller v. Jaffe (Fla.App.1961), 125 So.2d 310.