272 So.2d 686 (1973)
STATE of Louisiana
v.
Louis Paul CORMIER.
No. 52243.
Supreme Court of Louisiana.
January 9, 1973.
Dissenting Opinion January 15, 1973.
On Rehearing February 19, 1973.
*687 Dean A. Andrews, Jr., Michael F. Barry, New Orleans, for defendant-appellant.
William J. Guste, Jr., Atty., Gen., Harry H. Howard, Asst. Atty. Gen., Jim Garrison, Dist. Atty., Louise Korns, Maurice R. Franks, Asst. Dist. Attys., for plaintiff-appellee.
PER CURIAM.
The defendant was convicted of armed robbery, La.R.S. 14:64 and was sentenced to the custody of the Department of Corrections for twelve years. He appeals his conviction and sentence relying on nine bills of exceptions reserved and perfected during the proceedings.
Bill of Exceptions No. 1 was reserved during the voir dire examination by the state when the Assistant District Attorney remarked, "But, if at the end of the case you don't have a reasonable doubt, the only doubt you have in your mind is an unreasonable doubt, a doubt you cannot put your finger on, perhaps a doubt planted there by the defense attorney ...". *688 Counsel for the defendant moved for a mistrial which motion was denied.
We find that the remark made by the Assistant District Attorney did not fall within the grounds for mistrial stated in La.C.Cr.P. Art. 770, and the defendant was not entitled to a mistrial. This Court will not set aside a verdict on the ground of improper remarks made by the state which do not fall within the grounds mentioned in La.C.Cr.P. Art. 770 unless we are convinced that the jury was influenced by such remarks, and that the remarks contributed to the verdict found. Furthermore, counsel for the defendant made no request of the trial court for an admonition, which we feel could have cured the prejudicial effect of the remarks, if any. La.C.Cr.P. Art. 771, State v. Richardson, 258 La. 62, 245 So.2d 357 (1971).
Bill of Exceptions No. 2 was reserved when the trial court allowed the state, over objection of the defense counsel, to peremptorily challenge a juror after the jury panel had been sworn.
On voir dire the state asked of the juror, who was later peremptorily challenged, whether he had ever been charged with a serious crime. The juror responded in the negative. However, after the jury had been sworn, the juror acknowledged to the court that once he had been charged with burglary. At this point the state was allowed to peremptorily challenge the juror.
We are mindful of the rule contained in La.C.Cr.P. Art. 795 which states that "A peremptory challenge may be made by the state at any time before the juror is accepted by it ...", however, under the circumstances here, we find that the defendant was not prejudiced by allowing the state to challenge the juror after having accepted him. State v. Hopper, 251 La. 77, 203 So.2d 222 (1967). In State v. Thornhill, 188 La. 762, 178 So. 343 (1937) this Court disposed of the question presented here. In Thornhill, as here, after a jury had been selected and sworn, the state, over objection by the defendant, was permitted to peremptorily challenge a sworn juror. In affirming the conviction we made the following pertinent observations at 188 La. 778-779, 178 So. 348:
"The trial judge held that either side had a right to challenge a juror peremptorily up to the time of taking the testimony. The ruling of the judge a quo is stated too broadly, in our opinion, and needs qualification.
If it should appear in any case that, at the time the State peremptorily challenged a juror, the panel was complete, and the defendant had exhausted his peremptory challenges and was compelled, because of the state's challenge to accept an obnoxious juror, we would not hesitate to set aside the conviction and sentence in such a case, as both prejudice and injury to the defendant would be clearly shown.
But, in the instant case, it is not stated by defendant, in either bill of exception No. 8 or in Bill of Exception No. 10 that the defendant's peremptory challenges had been exhausted and that he was forced, by the peremptory challenges allowed the State to accept an obnoxious juror.
Nor does defendant pretend, in either of these bills, that by his ruling, the trial judge allowed the State more peremptory challenges than are allowed by law. Had he done so, it would have been reversible error, and a new trial would have to be granted to defendant. State v. Earle, 24 La.Ann. 38, 13 Am.Rep. 109; State v. Gay, 25 La.Ann. 472; State v. Everage, 33 La.Ann. 120. But the fact is that the district attorney exhausted his last peremptory challenge against the juror, Kennon, as shown by his statement: `We have one other challenge and want to challenge Mr. Kennon.' Tr. p. 45. The record fails to disclose that any additional peremptory challenge was allowed the State by the trial judge in this case.

*689 Defendant, therefore, has shown no injury as a result of the ruling of the trial judge."
Under Article 799 of our Code of Criminal Procedure, in trials punishable necessarily by imprisonment at hard labor, such as trials for armed robbery, the accused and the state each have twelve peremptory challenges.
The record in the instant proceeding shows that the state used only six peremptory challenges and that the defense used only three peremptory challenges. (R. 3.) Therefore, at the time the state peremptorily challenged Mr. Abrams the accused had not exhausted his peremptory challenges and thus was not compelled because of the state's challenge of Abrams to accept an obnoxious juror; nor did the trial judge allow the state more peremptory challenges than are allowed by laweither of which situations would have been reversible error. The accused, therefore, suffered no injury, and any error which might have occurred was harmless under Article 921 of our Code of Criminal Procedure and State v. Thornhill, supra.
The bill of exceptions is without merit.
Bill of Exceptions No. 3 was reserved during the examination of the state's witness, Officer Emmet Dupas. Officer Dupas was testifying about the events leading to the arrest of the defendant. He testified that the victim of the robbery had signaled him from the car in which the defendant and the victim were riding, and that he responded to the signal by stopping the car. Then, the officer testified that he had a conversation with the victim of the robbery and afterwards placed the defendant under arrest for possession of burglary tools. The officer was then asked if he found any burglary tools, and responded in the affirmative. At this point counsel for the defense objected on the grounds that the officer referred to an extraneous offense and asked for a mistrial which was denied by the trial court.
We concur with the reasons given by the trial court in overruling the defendant's motion for mistrial:
"The objection of counsel for the defense was overruled by this court as the witness was giving an explanation as to just what transpired before he placed the defendant under arrest, and his reasons for making the arrest of the defendant."
Furthermore, we find the testimony was admissible for the reason that it explained how the officer discovered the knife which was used in the armed robbery for which the defendant was charged. That is, after the officer found the burglary tools and was in the process of searching the vehicle he found the knife used in the armed robbery under the seat. For this reason, the bill of exceptions is without merit.
Bill of Exceptions No. 4 was reserved to the trial court's overruling defendant's objection to the introduction of the burglary tools mentioned in Bill of Exceptions No. 3. For the reasons given in connection with that bill of exceptions, we find that this bill of exceptions is likewise without merit.
Bill of Exceptions No. 5 was reserved when the trial judge allowed to be introduced into evidence two ten dollar bills and one five dollar bill. The ten dollar bills represented the money which was taken from the defendant after his arrest and were identified by the victim of the robbery as similar to those which had been taken from him by the defendant. The victim testified that the five dollar bill had been taken from him by the defendant, but that the defendant had given it back to him to purchase gas for the car in which the two were riding.
Counsel for the defendant objected to the introduction of this evidence on the grounds that the search of the defendant which produced the evidence was an unconstitutional search and seizure.
*690 The defendant had ample opportunity to file a motion to suppress this evidence prior to the trial, and was certainly aware that the evidence was taken from him. Under these circumstances, defendant cannot complain of an unconstitutional search, if any. For an accused to invoke the rule excluding evidence obtained by an alleged illegal search and seizure it is necessary for him to file a pretrial motion to suppress the evidence under La.C.Cr.P. Art. 703, and the failure to do so in the absence of a showing of surprise or lack of opportunity to file such a motion operates as a waiver of any claimed violation of constitutional rights against illegal searches and seizures. State v. Wallace, 254 La. 477, 224 So.2d 461 (1969); State v. Davidson, 248 La. 161, 177 So.2d 273 (1965). The bill of exceptions is without merit.
Bill of Exceptions No. 6 was reserved when the defendant moved for a mistrial on the grounds that the state had allegedly lead the jury to believe that the five dollar bill mentioned above was taken from the defendant at the time of his arrest when it in fact came from the victim of the armed robbery. We find the bill of exceptions to be without merit. The testimony was clear that the defendant had possession of the five dollar bill after he had robbed the victim and later gave it back to the victim for the purpose of allowing him to buy gas for the car in which the defendant was riding. The state did not mislead the jury in any way with respect to this matter. This bill is without merit.
Bill of Exceptions No. 7 was reserved when the trial court allowed the state to introduce into evidence over defendant's objection, the "rights of arrestee" form which was read to the defendant. The grounds for the objection by the defendant are not clear from the record, but it seems that defense counsel was objecting to the fact that the defendant was not given a full Miranda warning.
We have reviewed the record and do not find any statement made by the defendant was introduced by the state. Therefore, the objection by defense counsel concerning the lack of a Miranda warning is moot. If defendant was objecting to the mere introduction of the "rights of arrestee" form we find no prejudice in the court's ruling. The bill of exceptions is without merit.
Bill of Exceptions No. 8 was taken to the trial court's refusal to grant a motion for directed verdict in favor of the defendant. We have held that a motion for directed verdict is unavailable in a jury trial, therefore, this bill is without merit. State v. Hudson, 253 La. 992, 221 So.2d 484 (1969).
Bill of Exceptions No. 9 was reserved to the court's ruling denying defendant's motion in arrest of judgment. The motion alleged that one of the petit jurors who tried the case was not qualified because "he does not have a year's residence in Orleans Parish prior to being empaneled ..." The record of the evidentiary hearing which was held pursuant to the motion in arrest supports the finding of the trial judge that at the time of the instant trial the juror did, in fact, possess the residency requirements necessary to serve on the jury in Orleans Parish. The bill of exceptions is therefore without merit.
For the reasons assigned, the conviction and sentence are affirmed.
BARHAM, Justice (dissenting).
Bill of Exceptions No. 2 has merit. The juror excused could not have been challenged for cause, and under Louisiana Code of Criminal Procedure Article 795 the State moved too late to challenge him peremptorily. The majority errs when it states that the defendant cannot complain of the ruling which allowed the late challenge because the defendant did not exhaust his peremptory challenges. The majority makes more serious error when it further states that the defendant must show he was forced by the ruling "to accept an *691 obnoxious juror". The obnoxious juror rule of State v. Breedlove, 199 La. 965, 7 So.2d 221 (1942), was specifically discarded when Code of Criminal Procedure Article 800 was adopted, as clearly stated in the Official Revision Comment to that article. The majority continues to err in its attempt to dispose of this case under the pre-Code jurisprudence of State v. Thornhill, 188 La. 762, 178 So. 343 (1937). Not only is the "obnoxious juror" language of that case now obsolete, but the case itself is inapposite to this consideration because of the provision of our present Code of Criminal Procedure.
The majority opinion discusses the exhaustion of peremptory challenges, but it does not cite Article 800, which provides the rule regarding the exhaustion of peremptory challenges. Any reliance upon this provision is misfounded, for Article 800 is inapplicable to the ruling we consider. It says that a defendant cannot complain of a ruling refusing to sustain a challenge for cause or an erroneous allowance to the State of a challenge for cause except when the defendant has exhausted his peremptory challenges or the State was allowed more peremptory challenges than the number fixed by law.[*]
The defendant's objection here was not to a ruling on a challenge for cause. His objection was to the untimely peremptory challenge exercised by the State after the entire jury had been selected and sworn. Since there is specific law requiring exhaustion of challenges when one complains of a ruling on challenge for cause, we must understand that if the Legislature had meant to apply the requirements of that article to the situation at hand, it could have very easily expressed that intent. It has not done so. Article 800 has no application to a determination of whether the trial court's ruling here was reversible error. The question for our determination is simply whether the defendant was prejudiced by the ruling. If he was, there is reversible error.
Code of Criminal Procedure Article 795 provides that the State may challenge peremptorily only before acceptance by the State of the juror, and that the defendant may challenge peremptorily only before the juror is sworn. Article 788 provides that a juror be sworn "immediately" after both State and defense have accepted him. Therefore, when Article 795 requires the State to initially decide to accept or to challenge and then requires the defendant to make that same decision, each decision is final and irrevocable. Although challenge for cause may be made at any time before the reading of the indictment to the jury, the right to challenge peremptorily is granted only once.
It should be obvious why peremptory challenges cannot be exercised except upon one occasion. First, the law has required the State to act initially. If the State can reconsider whether to peremptorily challenge, it would simply accept all jurors, even those it would prefer to challenge, in the hope that the defense would challenge. Only in circumstances where the defense fails to challenge a juror unacceptable to the State would the State have to exercise a peremptory challenge. Thus it may be seen that the limitation of peremptory challenges for the State would effectively be defeated if this were allowed. Second, if both the State and the defense are not irrevocably bound by their acceptance of a juror (except where cause exists), foreseeably *692 the selection of a jury would never come to a conclusion, for after reconsideration of a juror by one side, the other side would have its right to exercise a reconsideration. A juror is often accepted early in voir dire examination for fear that a later offering may provide a poorer choice. As the jury box fills, the prior judgment on the qualities of a particular juror often appears to have been erroneous or at least not the exercise of the best judgment. Finally, where the entire 12 jurors have been empaneled and sworn as here, both the State and the defense can better determine the most favorable jurors, and they will almost invariably find one or more of their prior choices are now distasteful. Although peremptory challenges may be based upon mere whim, they are often exercised to afford an obvious advantage to one or the other party.
Although the juror who was here peremptorily challenged was not disqualified, incompetent, and excusable for cause, the State felt disadvantaged in having him, and I will accept the State's own contention that it was of the opinion it would be disadvantaged with that juror. But these disadvantages are permitted by law to flow to the State and to the defendant. To remove, contrary to explicit law, the disadvantage which the State suffered is to disadvantage the defendant. He thus was obviously deprived of a vested, legally permitted advantage. The ruling of the trial court was erroneous; it advantaged the State; it prejudiced the defendant; and it is reversible error.
I respectfully dissent.

ON APPLICATION FOR REHEARING
PER CURIAM.
The application for rehearing brings to our attention an inadvertent reference to the fact that the defendant was not compelled to accept an obnoxious juror. Article 800 of the Code of Criminal Procedure omits the former requirement in our jurisprudence that a defendant could not complain of an erroneous ruling on a challenge for cause unless he had been forced to accept an obnoxious juror. Under Article 800 the defendant need show only two things to obtain reversible error: (1) that the trial judge erred in refusing to sustain a challenge for cause by the defendant, and (2) that the defendant exhausted all his peremptory challenges. Here defendant did not exhaust all his peremptory challenges and cannot therefore complain of the ruling.
As thus amended, our reasons for judgment remain unchanged.
BARHAM, J., dissents. The Per Curiam only recognizes one error. Reversible error remains.
NOTES
[*] The requirement under Article 800 for preserving a defendant's objection to a ruling on a challenge for cause often forces the exhaustion of several venires, and it unduly burdens the court in order to serve only the single purpose of preserving a bill for appellate review. It appears to be a ridiculous rule in practice, for able counsel routinely circumvent the possibility of lack of prejudice under voir dire ruling on a challenge for cause by deliberately exhausting all remaining peremptory challenges. This is the common practice of attorneys to preserve for their clients the right to appellate review of these rulings. I am of the opinion that Article 800 should be legislatively removed.