Philip E. Winter Lyon County Counselor Courthouse Emporia, Kansas 66801
Dear Mr. Winter:
As Lyon county counselor, you request our opinion whether Lyon county is liable to the purchaser of a tract of land from an annual county tax sale for a claim made on the same tract by an alleged adverse possessor.
The doctrine of adverse possession is codified in K.S.A. 60-503
which states in pertinent part:
 "No action shall be maintained against any person for the recovery of real property who has been in open, exclusive and continuous possession of such real property, either under a claim knowingly adverse or under a belief of ownership, for a period of fifteen (15) years."
Your question assumes that the alleged adverse possessor, now claiming a part of the land sold in the tax sale, satisfied the conditions of K.S.A. 60-503 as to the land in question prior toits sale. We will proceed with our discussion upon the same assumption. We note that it is not necessary for an adverse possessor to pay taxes in order to make a successful adverse possession claim. However, the failure to pay taxes for so long a time tends to weaken a claim of ownership by adverse possession. Stark v. Stanhope, 206 Kan. 428, 437 (1971); Finn v.Alexander, 102 Kan. 607, 610 (1918). Furthermore, the adverse possessor had no duty to redeem the tract of land he claimed because the seizure for non-payment of taxes was an action against the owner of record. K.S.A. 79-2401a(a)(1).
The question presented is whether the adverse possessor has a claim in the real property sold by the county at the tax foreclosure sale. There is nothing in the statutes pertaining to adverse possession requiring that the interest be recorded. Absent such a statutory requirement, ". . . the rule is well-settled that title by adverse possession is not affected by recording statutes — that the adverse title once obtained is good even as against those holding a title recorded as provided by statute or a title derived from a recorded title." L.S. Tellier, Annotation, Title by Adverse Possession as Affected by RecordingStatutes, 9 A.L.R. 2d 850-51 (1950). Likewise, the statutes prescribing the procedure for the tax sale do not require all parties with an interest to record that interest. Therefore, the failure of the adverse possessor to record his interest before the tax sale is irrelevant. The adverse possessor, having satisfied the conditions for successful adverse possession is entitled to the full rights, and is burdened by the same responsibilities (including the payment of taxes), of ownership. See generally 2 C.J.S. Nature and Extent of Title or Right in General, sec. 249 (1972).
Although there is no case law or Attorney General opinions dealing with the specific issue, it is stated that, "[i]f the adverse possession has continued for such a length of time as to bar the original owner's right of recovery, the title so acquired is not affected by a forfeiture to the state for taxes since the state takes nothing by such forfeiture." 2 C.J.S. Sale or Forfeiturefor Taxes sec. 190 (1972). Under this rationale, the county received nothing from the adverse possessor, assuming his interest had been perfected and therefore the county had nothing to sell to the subsequent purchaser. This view has been followed by at least one neighboring state and seems to us the proper view because of the simple notion that the county cannot convey more than it has a right to. See Adams v. Parks, 435 P.2d 122 (Okla. 1967). Seealso Palm Orange Groves Inc. v. Yelvington, 41 So.2d 883, 885
(Fla. 1949).
A case directly on point comes from the Alaska supreme court. Based on similar facts, the court held that "[t]he city's tax deed thus conveyed all of Bishoff's (the record owner) interest, but this did not, as of the time of the tax foreclosure, include those portions already obtained by Bulavski by adverse possession."Mount v. Curran, 631 P.2d 496, 498 (Alaska 1981).
The tax deed held by the purchaser of the land at the tax sale is void as to the tract of land claimed by the adverse possessor. The county did not pass marketable title to the holder of the tax deed because marketable record title is subject to the "rights of any person arising from a period of adverse possession or user, which was in whole or in part subsequent to the effective date of the root of title. . . ." K.S.A. 58-3404(c).
The holder of the tax deed may seek a refund from the county under K.S.A. 79-2804(c) which provides:
 "If after the sale of real estate on foreclosure for taxes it shall be adjudged that the sale on foreclosure was invalid or void, the board of county commissioners shall by proper order cause the money paid therefor on the sale, together with such subsequent taxes and charges paid thereon by the purchase or such purchaser's assigns to be refunded, with interest on such amount at the rate prescribed by K.S.A. 79-2004, and amendments thereto, upon the delivery of a quitclaim deed from the party holding under the sheriff's deed, executed to such person or persons as the commissioners shall direct in such order."
Additionally, we note that K.S.A. 58-2208 states:
 "Any person claiming title to real estate may, notwithstanding there may be an adverse possession thereof, sell and convey his or her interest therein, in the same manner and with like effect as if he or she was in the actual possession thereof."
 "[T]he sole purpose of . . . [this statute] . . . is to abrogate the common-law rule that the conveyance of land held adversely is unlawful, being in effect champertous from its tendency to stir up litigation." Colver v. McInturff, 112 Kan. 604, 608 (1923). We do not believe that our conclusion is inconsistent with this statute, because the transaction is not illegal even though there is an adverse possession claim on real estate and the title may not be valid.
In conclusion, the adverse possessor is the true owner of the tract of land in question. The holder of the tax deed has no claim of ownership to the land but may seek a refund from the county for the taxes paid on the land.
Very truly yours,
 CARLA J. STOVALL Attorney General of Kansas
 Nobuko K. Folmsbee Assistant Attorney General
CJS:JLM:NKF:bas