PROVOSTY, J.
The two accused were prosecuted upon an information charging, in three separate counts that they did:
(1) On March 21, 1911, unlawfully keep and carry on and conduct a grog and tippling shop without obtaining a license so to do.
(2) And on same date unlawfully retail spirituous and intoxicating liquors without a license.
(3) And on March 22, 1911, unlawfully retail spirituous and intoxicating liquors without a license.
After having thus charged the accused in a first count with keeping a grog or tippling shop, and in two other counts with specific sales of intoxicating liquors, the information proceeded, as follows:
.“That in support of the first count hereof, the following sales, among others, will be proved: On March 21, 1911, three drinks of whisky,’ the manual delivery of which was made by said Elias Isaacs, on March 22, 1911, three drinks of whisky, the manual delivery of Which was made by said Charlie Isaacs, on February 24, 1911, one pint of whisky, and on March 18, 1911, one pint of whisky, the manual delivery of both of said pints having been made by said Charlie Isaacs.
“That in support of the second count hereof the following sale will be proved: On March 21, 1911, three drinks of whisky, the manual delivery of which was made by said Elias Isaacs.
“That in support of the third count hereof the following sale will be proved: On March 22, 1911, three drinks of whisky, the manual delivery of which was made by said Charlie Isaacs.
“That in all of the sales referred to in this bill of information the defendant, who made the ■ manual delivery, was acting both for himself and for his codefendant. That the state of Louisiana has no exact knowledge of the exact business relations of said defendants with each other. That the evidence thereof is in the possession of and under the control of said defendants.
“That all the sales referred to in this bill of information were made at the building No. Ill Hodges street, in the city of Lake Charles, in said parish and state, and said grog and tippling shop was conducted at said building. * * * ”
[1] The two accused called for a bill of particulars, alleging that they were entitled to same—
“on grounds and for the reasons following:
“(1) That the same is too vague, general, uncertain, and indefinite in its scope, inadequate, and insufficient to enable your mover to be informed of the charge or charges against him.
“(2) Because the dates alleged, on which your mover has been charged with conducting a grog and tippling shop and also with selling spirituous and intoxicating liquors, are conflicting, confusing, and insufficient, for the reason that, the acting district attorney having seen fit to designate the dates, quality, and quantity of liquor in said bill of information and as part thereof, he cannot elect and select such data as he deems suitable, but must also disclose full and complete data covering said transactions, and not merely a portion thereof, without prejudice to your mover’s rights; and your mover is therefore entitled to know: To whom said liquor was sold, the particular time and place, the name of the purchaser or purchasers, the hour of the day or night, and whether said transaction were made in the day time or at night, and on the premises designated, the spe *127 cific -amount paid for each sale or drink, ]by whom paid and the name of the person receiving payment in each specific instance, whether each of the alleged sales were made as principal, agent, or employs, and whether drunk on the premises or carried away, if not drunk in the house or on the premises, and still in possession of the purchaser or purchasers, that the same be produced in court, that those present and the names of the witnesses against your mover be given, in order that your mover may have an opportunity to properly meet the issues raised, to summon witnesses and customers who may have been present when said alleged unlawful sales and transactions were made.
"That each of the above facts, and the data demanded are important, material, and indispensable, necessary to enable your mover to intelligently and properly plead and prepare his defense in said cause, and to be informed reasonably of the charge or charges he is called upon to defend against, and without which he will be prejudiced and denied his legal rights under the Constitution and law of Louisiana, that the district attorney has such facts and data demanded in his possession, or is in a position to easily obtain same, whereas your mover cannot do so.”
The judge overruled the motion, assigning as his reasons the following:
“The bill of information shows the date when each sale was made, not only as to the sales upon which the state relies as part of the evidence to show the grog’ and tippling shop alleged in the first count, but also the date of the particular sale upon which the state relies to show the unlawful retailing alleged in the second and third counts. It likewise gives the exact place where the alleged grog shop was kept and conducted, and where the alleged sale relied on in the second and third counts was made. It also gives the quantity and kind sold. The bill also states who made manual delivery of the liquors. Certainly the information given is ample to place defendants on their guard. This is the sole purpose of a bill of particulars. I refuse to order the state to give the name of the purchaser on the authority of State v. Selsor, 53 South. 737,[1] recently decided and reported in tlae advance sheets of January. As relates to the rest asked and refused, it is likewise immaterial.
“In overruling the motion for particulars I ruled and gave notice at the time that the particulars given in the information would be given the same effect as a bill of particulars given in reference to an application therefor.” •
These reasons of the learned trial judge appear to u'S to have been entirely sufficient and conclusive.
[2] The accused then moved that the state be required to elect upon which one of the three counts contained in the indictment it would prosecute.
The motion was overruled for the entirely good and sufficient reason that several misdemeanors may be charged in one indictment in separate counts. State v. Gilkie, 35 La. Ann. 53, and cases there cited.
Judgment affirmed.

 127 La. 513.