SOMMERVILLE, J.
An information containing three counts was filed in the district court for Calcasieu parish. The first count charges that defendants kept a grog and tippling shop without previously obtaining a license from the police jury, or from any other authority; the other two counts, that defendants retailed spirituous and intoxicating liquors without previously obtaining a license from the police jury, or from any other authority.
Defendants moved to quash on three grounds: First, that, the parish of Calcasieu being a prohibition parish, the police jury was without authority to issue any license for the retailing of intoxicating liquors, or for the keeping of a grog and tippling shop; second, that the information alleges two separate and distinct offenses; third, that the acting district attorney, Robert L. Knox, was without authority to file the information, for the reason that he was not the duly elected district attorney, or had not been appointed by the Governor as such, but had merely been appointed by the court in certain cases to act in the place of the duly elected and commissioned district attorney.
The motion to quash having been overruled, defendants called for a bill of particulars, giving the names of the witnesses to whom defendants were alleged to have retailed spirituous and intoxicating liquors. This motion was disallowed; and defendants were found guilty on the first count
The eases of State v. Isaac et al., 129 La. 124, 55 South. 736, and State v. Moeling, 129 La. 204, 55 South. 764, effectually dispose of all the issues raised in this case. In the Moeling Case, counsel representing the present defendants presented for adjudication the same points which are now presented, and all these points were decided adversely. Further investigation convinces us that the rulings in the Moeling Case are correct.
[1] Act 66 of 1902 makes it a crime to keep a grog or tippling shop, or to retail intoxicating liquors, without previously obtaining a license from the police jury, town or city authorities. If it is a crime to keep a grog and tippling shop, or to retail intoxicating liquors, without previously obtaining a license, then it is obviously a crime to keep a grog shop or to retail liquors in a prohibition parish, because a license cannot be obtained to do that which it is a crime to do-without obtaining a license.
[2] Act 74 of 1886 empowers the district judge to appoint a competent attorney to represent the state in civil and criminal matters when, for any cause, the district attorney is recused, necessarily absent, or sick. It has been repeatedly held that this act is constitutional, and that the attorney appointed to represent the state under the circumstances prescribed in the act has all the powers, authority, and prerogatives of the regularly elected district attorney. In signing the bill of exception, the district judge states that, the district attorney being unable to attend to his duties, because of sickness, he had appointed Mr. Knox acting district attorney, and that he did not restrict the au *755 thority of the attorney so appointed to specific cases.
[3] It has heen repeatedly held that an indictment is not bad because it charges two distinct offenses in separate counts, and that a conviction on either of the counts is good. And this is especially true when the offense charged in one count is necessarily included in the offense charged in another count. The second and third counts of the information before us are necessarily included in the first count; for one cannot keep a grog and tippling shop without retailing spirituous and intoxicating liquors. It is plain, therefore, that defendants, convicted on the first count only, are without just ground for complaint.
[4] The ruling of the district judge, refusing to require the district attorney to furnish the names of the witnesses to whom the liquors were sold, is correct. No law requires the state to furnish defendant in the indictment, in the information, or elsewhere, with the names of its witnesses. State v. Isaac et al., 129 La. 124, 55 South. 736; State v. John, 129 La. 208, 55 South. 766.
We find no error in the rulings complained of, and the conviction and sentence appealed from are accordingly affirmed.