THOMPSON, J.
 

 The appellant was found guilty and sentenced for selling moonshine or corn whisky for beverage purposes.
 

 The only error complained of as prejudicial to the defendant and made the subject of a bill of exception is the refusal of the trial judge to grant a continuance after the state had closed its case in chief.
 

 The basis of the verbal request for a continuance was that the defendant was taken by surprise at the testimony of a witness named Foster, who appears to have been an eyewitness to the sale of the whisky by the defendant.
 

 It is contended that the defendant had not been furnished the name of Foster as a state witness, and that no opportunity had been given defendant to make inquiry into the reputation of said witness; that if a few days’ delay was granted defendant could prove that the reputation of said witness for truth and voracity was not good and that he was unworthy of belief.
 

 The defendant, several days anterior to the trial, had filed a motion for a bill of particulars in which it was asked that the name of the party who was alleged to have purchased the whisky be stated. The defendant did not ask for the name of the witnesses other than the one who made the purchase. In answer to the motion the state gave the name of J. A. Puleston as the person who made, the purchase from defendant.
 

 We are informed by the per curiam of the trial judge that when the defendant was arraigned the state announced itself ready for trial, but on request of defendant the case was set for trial at a future date. At the time the arraignment was made and the case set down for trial, all of the state witnesses, including Foster, were present in open court and the defendant knew who the said witnesses were.
 

 There was therefore ample time intervening between the date of arraignment and the trial for the defendant to have made full inquiry into the character and reputation of all of the state witnesses. The defendant did not avail himself of this opportunity, but waited until after the state had closed its evidence and after the defendant had cross-examined the witness, to make known his surprise at the testimony of the witness Foster and then ask for a continuance in order that he might make inquiry into the character and reputation of Foster as a basis fox-impeachment.
 

 The request manifestly came too late. Had such request been made after the defendant learned that Foster was to be used . as a witness for the state and before going into the trial there would have been much force in defendant’s application.
 

 Since the state cannot be compelled in advance of the trial to furnish the defendant with the name of the witnesses to be used against him and since the defendant in all cases has the right to impeach the char
 
 *669
 
 acter for veracity oí any adverse witness on matters material to the issue, the opportunity must be given him to produce such impeaching testimony when timely applied for.
 

 Here, according to the statement of the trial judge, all of the witnesses, including Foster, were known to the defendant and were present in court when the defendant was arraigned, which was some four day's before the trial. The offense was alleged to have been committed at Georgetown and the witness Foster resided at Pollock, both of which places were in the parish of Grant.
 

 The eases of State v. Mines, 137 La. 490, 68 So. 837, and State v. Hebert, 160 La. 316, 107 So. 123, are inapplicable to the facts here presented.
 

 In the first cited case the witness which the defendant proposed to impeach was a stranger in the parish and the application for a continuance was made before going to trial and as soon as the defendant learned the name of the witness and that he was to be offered by the state. In this connection this court held that in view of the facts recited in the bill of exception, to wit, that the sole witnesses relied on to convict the defendant were strangers in the community, of whom the defendant had never heard until the day of the trial, when it was shown that they were employed to convict and were to be paid only in event of conviction, the continuance prayed for should have been granted.
 

 In the Hebert Case there was no question of a continuance.
 

 The defendant did not plead surprise nor did he ask for a continuance for the purpose of impeaching the state witness when the name and identity of the so-called prosecuting witness was divulged or made known to the defendant. The court in that case, however, approved the ruling in the Mines Case, to the effect that a continuance should be granted to give the defendant an opportunity to secure evidence of an impeaching character, when timely application before the trial commences is made for that’ purpose after the defendant has knowledge that the person sought to be impeached is to be used by the state as a witness.
 

 We adhere to the ruling in the two cited cases, but hold that they have no application, here for the reason that the defendant waited until after the state had closed its case and after the defendant had cross-examined the state witnesses before asking for a continuance, when he knew several days in advance of the trial the name and identity of the witnesses intended to be used against him.
 

 The conviction and sentence are affirmed.