**(126 So. 510)**

**No. 30150.**

### STATE v. GARDNER.

Feb. 3, 1930.

John F. Phillips, of Shreveport, for appellant.

Percy Saint, Atty. Gen., and L. C. Blanchard, Dist. Atty., and B. B. Breazeale, Jr., Asst.

Dist. Atty., both of Shreveport, and E. R. Schowalter, Asst. Atty. Gen., for the State.

BRUNOT, J. The defendant was charged with one of the offenses denounced by Act 39 of 1921, viz., selling intoxicating liquor for beverage purposes.

There is only one bill of exception in the record. It was reserved to the overruling of a motion for a continuance. The defendant, accompanied by his counsel, appeared in court on June 18, 1929, waived formal arraignment, pleaded not guilty, and the case was assigned for trial on June 25, 1929. (Trans. p. 6.) On the day of the trial his counsel filed the following motion:

"Now into this court comes Cal Gardner, made defendant in the above numbered and entitled cause, and moves for a continuance herein, for the following reasons, to-wit:

"Defendant has been informed, and therefore avers that one of the material witnesses against mover is what is commonly called and known as a 'spotter' employed by the office of the sheriff's department for the purpose of securing evidence in prohibition cases, that is, for the purpose of securing evidence upon which to prosecute and convict those who may violate the provisions of Act 39 of 1921, commonly known as the Hood Act, and amendments thereto, and mover desires to know the name of said spotter.

"That mover has information tending to make him believe that said spotter is unworthy of belief, and that his evidence is subject to impeachment; that he has not sufficient time to run down and investigate such information, nor could he learn the name of said spotter, and that he requires and desires additional time for said purpose, in order to verify such information and have his witnesses in court at the trial of this case."

A mere reading of the motion convinces us that the bill of exceptions is without merit, and that the court's per curiam disposes of it. The judge says:

"June 18, 1929, accused was arraigned, plead not guilty and his case was set for trial June 25, without objection. June 25, when called for trial he filed the motion for a continuance found in the record, including a request for the name of the alleged spotter. A request for a bill of particulars comes too late after arraignment. Article 235 of the Code of Criminal Procedure. Furthermore, the state cannot be required to give the name of its witnesses.

"The motion for a continuance was overruled because it does not set up any facts justifying same; it does not show that the accused did not have the information alleged at the time of arraignment, nor does it show due diligence.

"The expression 'That mover has information tending to make him believe that said spotter is unworthy of belief' is a statement of the vaguest conclusions and does not constitute a legal allegation of fact.

"The defendant did not, after the so-called spotter had testified, plead surprise or ask for a continuance to procure further testimony. After conviction he has not asked for a new trial or set up any newly discovered evidence, or that any evidence derogatory to the witness has been discovered or has existed. It is not even shown that the witness testifying is the one about whom defendant was informed, hence no injury is shown."

The granting or refusal to grant a continuance rests in the sound discretion of the trial judge, and his ruling will not be interfered with unless a clear case of abuse of discretion is presented. Authorities too numerous to quote here are found in 2 La. Digest, par. 247.

For these reasons the verdict and sentence are affirmed.