HAMLIN, Justice:
 

 Defendants were jointly charged by Bill of Information with having robbed one Sylvia Mathieu of $100.00 (a violation of LSA-R.S. 14:64). They were tried, convicted, and sentenced to serve fifteen years at hard labor in the Louisiana State Penitentiary. On appeal to this Court, defendants present for our consideration two Bills of Exceptions concerning the same subject matter.
 

 Prior to trial, counsel for the defendants filed a Prayer for Oyer, in which was incorporated a request for a list of the witnesses the State intended to use at the trial. Also prior to trial, counsel filed an Application for a Bill of Particulars and incorporated therein a request for the names of witnesses who identified either and/or both of the defendants.
 

 In answer to the Prayer for Oyer, the State listed the names of ten prospective witnesses, one of whom was the instant victim. In answer to the Application for a Bill of Particulars, it listed only the name of the victim.
 

 During the course of trial, the State adduced the testimony of Lee Jones, Walter Dagges and Lawrence Bailey, who were allegedly present at the time the instant offense was committed. The names of these witnesses were not set forth in the Answer to the Prayer for Oyer nor in the Answer to the Application for a Bill of Particulars.
 

 Prior to the calling of the first of the above three witnesses to the stand, counsel for the defendants objected to their testifying on the ground that the State was precluded from offering their testimony because the Answer to the Prayer for Oyer did not include their names. Counsel contended that the answer of the State had been noted by them as satisfactory and that
 
 *327
 
 the State was bound and restricted thereby. The trial court overruled their objection. Bill of Exceptions No. 1 was reserved, and in addition to the above contentions counsel for the defendants urge that:
 

 “ * * * the trial court erred in overruling the objection of counsel * * * for -the * * * reason that the defendants, Raymond Maney and Lloyd Jones were on trial for violation of L.S.A.R.S. 14:64, relative to armed robbery. The testimony of the witnesses, Lee Jones, Lawrence Bailey and Walter Dagges was a decided factor in that the purpose of this testimony on the part of the District Attorney was to rehabilitate the testimony of the victim and only identifying witness so as to make her testimony capable of belief, and was so argued by the District Attorney in his closing argument, all to the definite prejudice of the defendant.”
 

 In this Court, counsel for the appellants argue that in preparing for the trial of the defendants, they relied on the list of witnesses set forth in the Answer to the Prayer for Oyer and were led to believe that the ten persons listed would be the State’s only witnesses. They urge that had the State not voluntarily listed the names of the witnesses it intended to use at the trial of the accused, or had counsel known that this list was not complete, then in all likelihood, they would have been forced to prepare for trial in an entirely different manner. Counsel state that they were very much surprised when Lee Jones was called to testify and were, therefore, unprepared to rebut his testimony, as well as the testimony of Lawrence Bailey and Walter Dagges, to the best interest of the appellants.
 

 Counsel for the defendants admit that they were not entitled to have a list of the State’s witnesses. Such admission is in accordance with our jurisprudence. State v. Daspit, 129 La. 752, 56 So. 661; State v. Bailey, 233 La. 40, 96 So.2d 34, 69 A.L.R.2d 340; State v. Goins, 232 La. 238, 94 So.2d 244; 23 C.J.S. Criminal Law § 949, p. 778; 19 La.L.Rev. 426.
 

 The minutes of court recite:
 

 “The bill of information was read to the Jury by the minute clerk. The Court, on motion of Mr. Becker [counsel for the defendant Raymond Maney], ordered the witnesses in this case sequestered.”
 

 The affidavit, which was available to counsel for the defendants, listed the names of the three alleged objectionable witnesses below the ten names previously furnished defendants. Albeit the record does not disclose when the names were added, it does reveal that they were listed prior to trial, as will be hereinafter shown.
 

 “Since the state cannot be compelled in advance of the trial to furnish the defendant with the name of the witnesses to be used against him and since the de
 
 *329
 
 fendant in all cases has the right to impeach the character for veracity of any adverse witness on matters material to the issue, the opportunity must be given him to produce such impeaching testimony when timely applied for.” State v. Tully, 162 La. 666, 111 So. 53.
 

 Since the District Attorney, in his opening statement, was not required to give in minute detail all the evidence he intended to introduce or the name of each witness he proposed to place on the stand (State v. Goins, 232 La. 238, 94 So.2d 244), and since counsel for the defendants were not aware that the three alleged objectionable witnesses were to testify, counsel should have moved for a continuance when Lee Jones was called to the stand. The granting or refusing of a motion for a continuance is within the discretion of the trial judge (State v. Gardner, 169 La. 1011, 126 So. 510; State v. Ganey, 246 La. 986, 169 So.2d 73), hut without a motion having been filed herein we are constrained to find that these defendants suffered no prejudice. The trial judge did not err in overruling the motion to exclude the testimony of the three alleged objectionable witnesses. His Per Curiam explains the events which took place when Bill of Exceptions No. 1 was reserved and the reasons for his ruling. We quote the following pertinent parts thereof:
 

 “
 
 * * * The District Attorney stated that he had made up the answer to the Prayer for Oyer from the affidavit, which had been prepared by the police and the Assistant who accepted the charges, and all witnesses on the affidavit at that time were given to defendants. Subsequently, when preparing the case for trial, he discovered these additional witnesses and requested that they be issued subpoenaes. The affidavit, which is part of the record and available to defense attorneys, contains the names of these witnesses. Although it cannot be established when these names were added to the affidavit, the subpoenaes were prepared for all State witnesses prior to April 12, 1965, when they were issued and service was made by the sheriffs on April 13, 1965. [The trial took place on April 20, 1965.]
 

 “Defense counsel stated that they were not aware, until the morning of the trial when the names of the State’s witnesses were called, that the State would use these witnesses whose names were not listed. Defense counsel did not ask for a continuance.
 

 “The Court overruled the objection and permitted the witnesses to testify over counsels’ objections. At the outset it is to be noted that not one of these three witnesses could identify either of the defendants and, in fact, stated they
 
 *331
 
 had not seen them before the day of the trial. * *
 
 *
 

 “
 
 ‡ * *
 

 “Since the State was under no obligation, legally, to furnish the names of the State’s witnesses and the Court could not order the State to do so, the furnishing of the names was a mere gratuity. The State, in the present case, furnished the defendants with more information than they were entitled to, legally, so they have no cause for complaint. The defendants have not demonstrated to the Court that they have suffered any prejudice. In the application for a new trial the defendants did not set forth that they were misled to their prejudice, nor that they could or would have done anything differently if they had been furnished the names of these witnesses. They have not contended, nor have they attempted to show that they were lulled into a false sense of security nor that the actions of the Assistant District Attorney were in bad faith. To the contrary, these defendants were given more information than any other defendants have been given in my court. By law they were not entitled to the names of any witnesses and, if they were gratuitously given the names of some witnesses and not all, in the absence of a showing of bad faith or prejudice to their cause, they are entitled to no relief.”
 

 Bill of Exceptions No. 1 is without merit.
 

 Bill of Exceptions No. 2 was reserved when the trial judge overruled defendants’ motion for a new trial.
 

 Incorporated in Bill of Exceptions No. 2 are the same allegations contained in Bill of Exceptions No. 1.
 

 We find Bill of Exceptions No. 2 without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 HAWTHORNE, J., concurs in the decree.