HAMLIN, Justice.
 

 Defendant appeals from his conviction of Attempted Theft and his sentence “to pay a fine of $200.00 and costs and to serve one (1) year in the Parish Jail, however the fine and jail sentence are suspended and defendant is placed on Probation for a period of two (2) years, in the custody of the Probation Officer for this area, subject to the conditions outlined in Article 895 of the Code of Criminal Procedure and the additional conditions that he pay the costs of Court and that he make restitution to Charles Flowers within 90 days from this date, March 25, 1970.”
 

 Defendant was charged ■ by Bill of Information with the commission of theft of a cashier’s check in the amount of $3,000.00, the property of Charles Flowers, in violation of LSA-R.S. 14:67.
 

 A preliminary hearing was held, and at its conclusion the trial court ruled:
 

 “The Court has heard the testimony in this matter and the Court finds that there is sufficient probable cause with which to * * * for the basis to the charge filed. So the defendant will be charged and the matter set for trial.”
 

 The facts disclosed at the preliminary hearing are substantially to the effect that defendant, A. Leroy Richardson, managed the Oak Park Shell Station, Lake Charles, Louisiana, owned by John W. Huber, a Shell Oil Distributor. Defendant was paid a salary and owned his desk and other small office equipment, all of which were located on the premises. He sold his alleged interest in the service station business to Charles Flowers for $3,000.00 paid
 
 *67
 
 by cashier’s check. The cashing of the check and defendant’s use of the proceeds therefrom constitute the basis of the instant charge.
 

 One Bill of Exceptions was reserved by defense counsel immediately prior to trial and eleven Bills of Exceptions were reserved during the proceedings. These twelve Bills are presented for our consideration.
 

 BILLS OF EXCEPTIONS NOS. 1, 3, 4 AND 6.
 

 Bill of Exceptions No. 1 was reserved when the trial judge overruled defense counsel’s objection to the following question propounded to the witness John W. Huber, “To your knowledge, did Mr. Richardson own anything in that service station that was worth $3,000.00?”
 

 Bill of Exceptions No. 3 was reserved when the trial judge overruled defense counsel’s objection to the following question propounded to John W. Huber, “Do you allow people in your organization to sell their jobs?’.’
 

 Bill of Exceptions No. 4 was reserved with the trial judge overruled defense counsel’s objection to the following question propounded to the defendant on cross-examination, “In what' way would that convey to you an idea that this man would now be a dealer?”
 

 ■ Bill of Exceptions No. 6 was reserved when the trial judge overruled defense counsel’s objection to the following testimony propounded to the defendant:
 

 “Q. You were leasing oil property?
 

 “A. Yes, sir.
 

 “Q. And, you were making $75.00 per week ?
 

 “A. Yes, sir.
 

 “Q. How do you work that?”
 

 In this Court, defense counsel argued that the cumulative effect of the questions, supra, propounded by the District Attorney prejudiced the defendant in the minds of the jurors. In brief, he admits that some of the alleged erroneous impressions conveyed to the jury by the alleged objectionable testimony were cleared by further testimony; he argues that, “As to Bill No. 4, it is true that the erroneous impression sought to be established by the prosecution’s contention that defendant had promised, indeed practically guaranteed, that Flowers would become a ‘dealer’ as distinguished from a manager, was cleared up by other testimony, it was calculated to, and perhaps did, create the impression of misrepresentation by the defendant.”
 

 With respect to Bill of Exceptions No. 6, defense counsel contends:
 

 “Bill No. 6 was taken when defendant was asked by the district attorney,
 
 *69
 
 how he could lease oil property on $75.00 per week. While this was explained by the defendant, the question, coupled with other innuendoes and inferences made by the district attorney, was calculated to give the defendant the image of a shady promoter or ‘operator’ always on the borderline of illegality.”
 

 Defendant was charged with theft, and it was incumbent upon the jury to determine his guilt or innocence. The questions supra were relevant and material to a determination of the case. Defense counsel at all times had the right of cross-examination and the opportunity of clearing questions propounded by the State. Counsel also had the right to rebut testimony adduced by the State. Thus, the jury had for consideration in its deliberations the testimony of the defense as well as that of the State.
 

 The trial judge’s Per Curiam to Bill of Exceptions No. 6 recites:
 

 “On direct examination, it was brought out that the defendant had gone to Mississippi and for what purposes.
 

 “The question was further relevant to show defendant’s lack of funds to lease oil properties and the need for additional money. Thus it was a question for the jury to resolve as to the defendant’s guilt or innocence of stealing Charles Flowers’ $3,000.00.”
 

 We do not find that the defendant’s rights were prejudiced by the questioning, supra, and further find that the trial judge committed no error in overruling counsel’s objections. As stated supra, the above testimony was relevant and therefore admissible as evidence in the case.
 

 Bills of Exceptions Nos. 1, 3, 4 and 6 are without merit.
 

 BILL OF EXCEPTIONS NO. 2.
 

 Bill of Exceptions No. 2 was reserved when the trial court denied defense counsel’s motion for a continuance.
 

 At approximately 6:00 P.M., Friday, February 27, 1970, the trial judge recessed his court until 7:30 P.M. After the jury was taken from the courtroom, defense counsel moved:
 

 “Your Honor, with all due respect, I move that this matter be continued until tomorrow. I didn’t have an opportunity to make this motion before 6:00, but I do make it now. I feel that to subject both the jury and counsel to an extra session puts unwarranted physical stress on them. I for one do not feel up to going past a normal work day, and I feel that applies equally to everybody; but there’s this one defendant who is here on trial, and I feel that he is entitled to a fresh lawyer, a fresh jury, a fresh judge, if you will, and fresh personnel. I wish to cooperate; and I would like to also add that this case was fir^t set for February 23, we were pre
 
 *71
 
 pared to go to trial on that date, it was then set for February 25, and we were ■prepared to go to trial on that date. .This morning we vigorously urged a motion for continuance on the grounds that this case would not be finished during normal hours. That motion was denied. I do humbly ask that we adjourn until tomorrow when it can easily be finished. We know that Saturday isn’t a normal working day either, but at least we’ll get a good nights sleep and be fresh soldiers, so to speak, in the morning.”
 

 . In denying the motion, the trial judge stated:
 

 “THE COURT: Gentlemen, let me say this. Mr. Woodley, the Court is impressed with the nature of your defense of this defendant. I might add, in my own opinion, the Court is aware that you are court appointed, but, in particular of your examination of the last witness, I think. * * * it’s this Court’s impression that you went above and beyond the call of duty, and I believe that this defendant is accorded as good or better a defense than if he had retained counsel. My authority for continuing is, for example, a district court in the City of New Orleans, upon the State of Louisiana resting a case at 1:30 A.M., the Court ordered the defendant to proceed with his defense, and they continued until 3:00 A.M., and then Court was adjourned until 9:00 o’clock that morning, and our Louisiana Supreme Court felt that was not any abuse of discretion. I will say this, Mr. Woodley. If the Court reaches a point where it feels that you are not giving this defendant as good a defense as you’ve been doing all day, then the Court will certainly see to it that we stop at that point. But, I want to tell you, I have been impressed by the nature and the vigor in which you have defended this individual. At this point I would like to ask both of you to approach the bench.
 

 “THE COURT: The Court has been tremendously impressed with the defense by Mr. Woodley, but the Court feels like we should be able to get a little more testimony in tonight, and try to conclude this as early as possible tomorrow. I realize Gentlemen that everybody is tired, but I have a new jury panel starting Monday morning again, so the motion for a continuance will be denied.”
 

 In this Court, defense counsel contends:
 

 “It is submitted that under the circumstances the judge abused his discretion in failing to grant the continuance. It is further submitted that defendant was prejudiced by the refusal of the trial judge to grant this request as counsel for defendant made it clear to the presiding judge as to the reason for the request.
 

 “
 
 * * *
 

 
 *73
 
 “It is respectfully submitted that the request for a brief continuance was not a frivolous one, but a necessary one under the circumstances. The failure of the trial judge to grant it was an abuse of discretion and materially prejudiced the case of the defendant by denying him a fully alert and refreshed jury, judge and defense counsel.”
 

 A motion for continuance, if timely filed, may be granted, in the discretion of the court, in any case if there is good ground therefor. LSA-C.Cr.P. Art. 712. The granting or refusing of a continuance in a criminal case rests in the sound discretion of the trial judge, and his ruling will not be disturbed except where his discretion has been arbitrarily or unreasonably abused. State v. Skinner, 251 La. 300, 204 So.2d 370; State v. Jones, 249 La. 324, 186 So.2d 608. Cf. State v. Lewis, 255 La. 623, 232 So.2d 294.
 

 The above statement of the trial judge shows that by refusing a continuance he neither abused his discretion nor prejudiced the rights of the defendant. Although tired, able counsel efficiently represented the defendant throughout thé entire trial.
 

 Bill of Exceptions No. 2 is without merit.
 

 BILL OF EXCEPTIONS NO. 5.
 

 Bill of Exceptions No. 5 was reserved when the trial judge refused to permit defense counsel to question the defendant in a manner which would fully develop the details and circumstances surrounding a civil suit filed against the defendant by Charles Flowers.
 

 Prior to voicing objection, defense counsel had cross-examined Charles Flowers with respect to the civil suit filed against the defendant; the suit itself had been offered in evidence. . Counsel questioned the defendant with respect to the time of service and other details, at which point the trial judge ruled that the questioning was sufficient. ■
 

 Herein, defense counsel contends:
 

 “Since the testimony of Mr. Flowers constituted ,the sole -evidence as to any misrepresentations by the defendant, defendant’s counsel should have been given broad latitude in cross-examining this witness, particularly on matters relating to his credibility.
 

 “There were legitimate questions raised by Flowers’ testimony as to what he thought he was receiving. He testified that he thought he was getting an assignable lease of the property even after a conference with John Huber, the owner of the property. This was referred to in the civil suit although scarcely mentioned in his testimony at preliminary hearing (Tr. 169).”
 

 We agree with the trial judge that the effect of the protracted questioning ad
 
 *75
 
 duced irrelevant evidence. He did not abuse his discretion, and his per curiam correctly recites:
 

 “The Civil suit had been introduced into evidence and gone over by counsel for defendant with the plaintiff in that suit. Counsel for defendant had amply covered the civil suit prior to the defendant taking the stand. The fact that a civil suit was brought was allowed into evidence to show Charles Flowers’ interest in his testimony. When the defendant first learned of the suit, was irrelevant as to the interest of the witness Charles Flowers and had no bearing on the defendant’s guilt or innocence.”
 

 Bill of Exceptions No. 5 is without merit.
 

 BILL OF EXCEPTIONS NO. 7.
 

 Bill of Exceptions No. 7 was reserved when the trial judge denied defense counsel’s motion for a mistrial.
 

 The circumstances connected with the reservation of the instant bill are to the effect that the District Attorney propounded the following question to the defendant, “You’re a man who has done business in five countries, three states, five and a half years of service station experience, and all types of promotional work, and you didn’t see fit to call that man and ask him if the deal had been consummated, and that you were going to cash that check?” The defendant replied, “Yes, sir, but with all my experience, I’m not an authority in anything, and I’m subject to human errors just like anybody. I saw. * * * ” The District Attorney then responded, “I think so too, sir.” Defense counsel objected and moved for a mistrial; the trial judge maintained the objection but refused to grant a mistrial.
 

 Herein, counsel for the defendant contends :
 

 “Counsel for the defendant refers the Court to the application of the Code of Criminal Procedure Article 771. It should be noted that an objection to the remark by counsel for defendant was made and maintained by the trial judge, but no admonition was made to the jury to disregard it. Counsel for the defendant did not request an admonition to the jury. He did request a mistrial, as he was satisfied that an admonition was not sufficient to assure the defendant of a fair trial. There was no question but that the remark would create prejudice against the defendant in the minds of the jury. It is submitted that it is not incumbent on the defendant to request the Court to admonish the jury to disregard a prejudicial remark when the defendant has already requested a mistrial. The remark was an obvious prejudicial comment by the prosecutor and was recognized as such by the Court in maintaining the objection of the counsel for defendant.
 

 
 *77
 
 “It is submitted that prejudicial comments or remarks by the prosecutor were common at the trial of this case and that the sanction against such comments should properly result in a mistrial.”
 

 We do not find that the defendant was prejudiced by the remark, “I think so too, sir.” This was merely an expression of opinion by the District Attorney. Defense counsel did not request an admonition, Cf. Arts. 770 and 771, LSA-C.Cr.P., at the time the statement was made. The trial judge cured any wrong impression that might have been made upon the minds of the jurors by instructing them in his general charge to disregard any question when an objection had been maintained as to that question.
 

 Bill of Exceptions No. 7 is without merit.
 

 BILL OF EXCEPTIONS NO. 8.
 

 Bill of Exceptions No. 8 was reserved when the trial judge overruled defense counsel’s objection to a statement made by the District Attorney and denied defense counsel his motion for a mistrial.
 

 During cross-examination of the defendant, the following testimony was adduced:
 

 “Q. Did you take orders from his representatives ?
 

 “A. I’ll answer that partially.
 

 “Q. You don’t want to answer it fully ?”
 

 Defense counsel objected to the last question. He contends that, “The extraneous and unnecessary comment by the prosecutor together with the comment illustrated in Bill of Exception No. 7 indicate the nature of the comments made by the prosecutor and illustrate the atmosphere created at the trial. Prejudicial and improper comments like these can serve only to create prejudice against the defendant in the minds of the jury members.”
 

 LSA-R.S. 15:280 provides:
 

 “When a witness has been intentionally sworn and has testified to any single fact in his examination in chief, he may be cross-examined upon the whole case.”
 

 In this State, the scope of cross-examination is not limited to matters covered in direct examination. State v. Williams, 250 La. 64, 193 So.2d 787. A witness for the defense may be cross-examined on all matters brought out in his direct examination, and it is no objection that his answers may affect his credibility and character. State v. Brown, 118 La. 373, 42 So. 969. Mere doubts as to the propriety of the extent of the cross-examination are always resolved in favor of the cross-examination. Care should be exercised, however, not to exceed the proper bounds of the examination. State v. Bertrand, 167 La. 373, 119 So. 261. “If the accused takes the witness stand, he shall be subject to all the rules that apply to other witnesses, and may be cross-examined as to all matters concerning which he gives his testimony;
 
 *79
 
 and, in the course of the cross-examination of such witness, special regard must be had to the nature of the examination and the testimony sought to be adduced; his memory may be tested and his veracity and truthfulness may be inquired into, as of any other witness; yet he should not be compelled to give evidence against himself; and the trial judge, in his discretion, should control the cross-examination and confine it to the matters concerning which the accused has testified to. * * * ” State v. Bellard, 132 La. 491, 61 So. 537. On cross-examination, a latitude is allowed to test the memory of the witness.
 

 Defendant testified at length on direct examination; his testimony concerned his past business endeavors and associations. Under the above jurisprudence and law, the District Attorney was permitted great latitude when he questioned the defendant on cross-examination. Defendant testified extensively on cross-examination following the alleged objectionable remark, “You don’t want to answer it fully?”; he was given every opportunity to explain his prior answer to which the District Attorney had commented. Defendant testified on redirect examination, and at that time defense counsel had the opportunity to correct by defendant’s testimony any mistaken impression he thought the jurors might have been given. Defendant therefore suffered no prejudice by the rulings of the trial judge.
 

 Bill of Exceptions No. 8 is without merit.
 

 BILL OF EXCEPTIONS NO. 9.
 

 Bill of Exceptions No. 9 was reserved when the trial judge denied defense counsel’s motion that he be furnished without cost a complete transcript of the testimony to be made at the trial.
 

 Defense counsel stated during argument in this Court that, subsequent to the reservation of the instant bill, he was furnished a transcript of all testimony required for this appeal. Therefore, this bill need not be considered.
 

 BILL OF EXCEPTIONS NO. 10.
 

 Bill of Exceptions No. 10 was reserved to the trial court’s ruling that there was probable cause shown upon the preliminary hearing to form a basis for the charge against the defendant.
 

 The instant Bill of Information was filed on October 30, 1968, and the offense charged was alleged to have been committed on or about March 15, 1968. The preliminary hearing was held on March 3, 1969. Defense counsel reserved the instant bill on February 27, 1970, immediately prior to trial.
 

 Judge Veron presided at both the preliminary hearing and at the trial of defendant. His Per Curiam to this bill states:
 

 “The Court was satisfied, as shown by the transcript of testimony taken at the
 
 *81
 
 preliminary hearing, that there was a sufficient basis for the charge. It can be further added 'that after hearing the trial on the merits, there is no question in the mind of the Court that there was sufficient basis to hold the defendant.”
 

 Defendant has 'now been tried and found guilty by jury verdict. All that is herein presented for our determination are questions of law. On this appeal, the question of probable cause is now moot.
 

 Bill of Exceptions No. 10 is without, merit.
 

 BILL OF EXCEPTIONS NO. 11.
 

 Bill of Exceptions No. 11 was reserved when the trial judge overruled defense counsel’s objection to the' condition imposed upon the defendant in his sentence, that he make restitution to Charles Flowers of the sum of $3,000.00 within ninety days from March 27, 1970.
 

 Defense counsel contends:
 

 “While it is recognized that under the provisions of Code of Criminal Procedure Article 895
 
 [1]
 
 the Court has the authority to impose as a condition to the probation that 'restitution be made, restitution under the terms announced by the presiding trial judge are unduly onerous against the defendant since Charles Flowers would be unduly enriched. The testimony and evidence clearly reveals that' Charles Flowers has already re-' ceived and has in his possession certain-physical equipment as a direct result of the transaction at issue. This includes certain chairs, a desk, filing cabinets and miscellaneous tools. Therefore, if the Court would impose a requirement of restitutition of the full $3,000.00 to Charles Flowers, he would be unduly- enriched by the value of the equipment he has already received.”
 

 We find that the trial judge under LSA-C.Cr.P. Art. 895 was empowered to impose the instant sentence. His Per Curiam to this bill states, “There is no doubt in the Court’s mind that the beginning of the running of 90 days will be suspended pending the outcome of the appeal and that if the judgment is affirmed, the defendant will have 90 days to make restitution from the date the judgment is final.” The defendant therefore has suffered no prejudice. We conclude that the trial judge did not abuse his discretion by imposing upon' the defendant the condition of restitution to Charles Flowers.
 

 Bill of Exceptions No. 11 is without merit.
 

 
 *83
 
 BILL OF EXCEPTIONS NO. 12.
 

 Bill of Exceptions No. 12 was reserved by defense counsel when the trial judge denied his original and supplemental motions for a new trial.
 

 In his supplemental motion for a new trial he alleges that there was a total lack of evidence of the offense charged or an essential element thereof and the verdict of the jury is erroneous as a matter of law.
 

 We find that there is some evidence in the record, particularly of the cashing by defendant of the cashier’s check for $3,-000.00 paid by Charles Flowers, and defendant’s. use of the proceeds therefrom. Evidence as to how and in what manner this check was received by defendant, and all events leading thereto is in the record and was heard by the jury. We can not consider the weight or sufficiency of the evidence. Our review is limited to questions of law only.
 

 Otherwise, this bill raises nothing new for our consideration. All other matters urged were covered in substance in our consideration of other bills of exceptions.
 

 Bill of Exceptions No. 12 is without merit.
 

 For the reasons assigned, the conviction and sentence are affirmed.
 

 [1]
 

 . Art. 895, LSA-C.Cr.P., provides that when the court suspends the imposition or execution of sentence and places a defendant on probation, it may impose the condition that the defendant make reasonable reparation or restitution to the aggrieved party for damage or loss caused by his offense in an amount to be determined by the court.