303 So.2d 739 (1974)
STATE of Louisiana, Appellee,
v.
Eddie Lee McGLOSTER, Appellant.
No. 55159.
Supreme Court of Louisiana.
December 2, 1974.
Murphy W. Bell, Director, Vincent Wilkins, Jr., Trial Atty., the Office of Public Defender, Baton Rouge, for defendant-appellant.
William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Ossie Brown, Dist. Atty., Lennie F. Perez, Asst. Dist. Atty., for plaintiff-appellee.
*740 TATE, Justice.
The defendant was convicted of the attempted unauthorized use of a credit card. La.R.S. 14:67.3; La.R.S. 14:27. He was sentenced to one year in the parish prison. This sentence was suspended upon the condition that restitution be made, and the defendant was placed on active probation for one year.
At the trial he reserved six bills of exceptions. He argues all on appeal and additionally contends that there is an error patent on the face of the record.
We do not find reversible merit in the contentions made, for the reasons indicated as follows:
Bill No. 1: We have consistently held that a male defendant cannot complain of the effective exclusion of females from Louisiana jury venires. State v. Womack, 283 So.2d 708 (La.1974).
Bill No. 2: The defendant alleges a lack of probable cause for his initial detention on an airliner in Las Vegas. He alleges that, consequently, an oral statement made by him after his detention (he claimed that he had borrowed the credit card from the owners, but it had actually been stolen from them) was inadmissible. Pretermitting the circumstance that the facts show probable cause for the detention, the uncontradicted evidence also shows that the statement was freely and voluntarily made, after full Miranda warnings. See State v. Jackson, ___ So.2d ___ (La.1974); State v. Harris, 297 So.2d 431 (La.1974).
Bill Nos. 3-6: The defendant complains of the admission into evidence, over his objection, of the stolen credit card, of airline tickets, of a charge form, and of a computerized card showing the sale of the two tickets purchased with a stolen credit card. The objection made is that the items introduced were taken from the person of the defendant's companion or connected with the tickets found on the latter. Therefore, it is contended, no foundation (connexity) was shown so as to make the items relevant evidence against the defendant.
The companion was riding with the defendant on the airliner on another ticket purchased on the same date as the defendant's and identically paid for by the use of the stolen credit card. After the initial detention, the defendant informed the police that he had borrowed the (stolen) card from its owner.
We find no error in the trial court finding the evidence relevant to proof of the guilt of the defendant, that is, with some logical or rational connection with the fact sought to be proved (that the defendant as well as his companion was a principal in the unauthorized use of the stolen credit card). See State v. Dillon, 260 La. 215, 255 So.2d 745 (1971).
Alleged Patent Error: The defendant contends that the sentence is illegal insofar as requiring him to make restitution ($508) to those who suffered losses through the unauthorized use of the stolen credit card. However, La.C.Cr.P. art. 895(7) (1972) authorizes a trial court to require a defendant, as a condition for suspending his sentence and placing him on probation, to make reasonable restitution to the aggrieved parties for any loss caused by the offense. We find no abuse of discretion. See State v. Richardson, 258 La. 62, 245 So.2d 357 (1971).

Decree
Accordingly, the conviction and sentence are affirmed.
Affirmed.