PLOTKIN, Judge.
James Stewart was charged by bill of information on December 20, 1989, with contractor’s fraud, a violation of LSA-R.S. 14:202. At his arraignment on January 10, 1990, he pleaded not guilty. However, on February 28,1990, he withdrew his original plea and entered a plea of nolo contendere. At sentencing on September 13, 1990, he was ordered to serve five years at hard labor; his sentence was suspended and he was placed on five years active probation. One of the conditions of his probation is restitution of $26,348 to the victim. He now appeals, arguing that the amount of restitution is excessive.
The defendant pleaded guilty to a violation of LSA-R.S. 14:202 which provides in pertinent part as follows:
A. No person, contractor, or subcontractor, or agent of a contractor or subcontractor who has received money on account of a contract for the construction, erection or repair of a building, structure, or other improvement, ... shall knowingly fail to apply the money received as necessary to settle claims for material and labor due for the construction or under the contract.
D. Any person, contractor, subcontractor, or agent of a contractor or subcontractor who knowingly fails to apply construction contract payments as required in Subsection A shall pay to the court, and the court shall transfer to the person whose construction contract payments were misapplied, an amount equal to the sum of the payments not properly applied and any additional legal costs resulting from the misapplication of construction fund payments, including a fee charged by the clerk of court for handling such payments.
At the hearing on September 13, 1991, held to determine the amount of restitution owed, Louisiana State Police Officer Sergeant Jenny May testified that she investigated the incident on which this lawsuit is based. She found that Evelyn and John Randall paid the defendant $29,625 on a contract to renovate their house and that he had paid $7649 [1] for labor, materials, and a building permit. Besides the difference between the amount given the defendant and the amount shown in the receipts, the Randalls are asking for an additional $7110 to cover liens which were placed on their home by Dixie Building Company and Clark Lumber Company.
The defense argues that the defendant paid much more for materials and labor than he is receiving credit for; however, at the hearing there was no testimony for the defense and all the receipts in the record cannot be given credence because some are illegible, others are undated, and most were paid in cash. Moreover, Officer May testified that she could not verify many of his receipts. Additionally, the defendant *650 paid himself $6000 in salary when the contract did not provide for a salary for him.
Using the defendant’s verified receipts and the lien amount as reckoned by the trial court, we do not find the restitution figure excessive. However, under LSA-C.Cr.P. art. 895.1 when restitution is imposed, the trial court is required to specify how the payments shall be made. At the hearing in the instant case the trial court made no such finding.
Accordingly, the defendant’s conviction, sentence, and the restitution amount imposed upon him are affirmed, and the case is remanded to the trial court for the purpose of determining the method of restitution.
AFFIRMED AND REMANDED

. This figure is based on a building permit at $284; labor at $6345; and materials at $1,020. In the record, p. 74, the materials are listed at $1120.