BONIN, J.,
concurs with reasons.
hi respectfully concur with the affirmation of the conviction and the remand for resentencing in this misdemeanor case. However, I write separately to emphasize certain aspects of this case, especially since we are remanding for sentencing to a different trial judge than the one who imposed the original sentence.
The trial court on remand, it is important to note, is not bound to impose the same sentence previously imposed nor is it obliged to reimpose the condition of probation which the majority opinion rules has survived. La. C. Cr. P. art. 881.1(A)(2) provides:
In misdemeanor cases, the defendant may file a motion to reconsider sentence at any time following commencement or execution of such sentence. The court may grant the motion and amend the sentence, even following completion of execution of the sentence, to impose a lesser sentence which could lawfully have been imposed.
Moreover, “[t]he court may suspend, reduce, or amend a misdemeanor sentence after the defendant has begun to serve the sentence.” La. C. Cr. P. art. 894(A)(4). Therefore, on remand for resentencing the *232 trial judge is free to impose “a lesser sentence.”
| ..Because a victim’s right to seek restitution is protected by La. Const, art. I, § 25, and La. R.S. 46:1844, the trial court on remand may consider the appropriateness of an order of restitution as a condition to probation. La. C. Cr. P. art. 883.2. However, in the event that restitution to the victim is ordered, the sentencing judge should consider and clarify any requirements of La. C. Cr. P. art. 895.1(A)(1) in determining the actual loss to the victim as well as in specifying how the payments shall be made, State v. Stewart, 92-0071, p. 2 (La.App. 4 Cir. 9/17/92), 605 So.2d 648, 650, “either in a lump sum or in monthly installments based on the earning capacity and assets of the defendant.” State v. Diaz, 98-0357 (La.4/2/93), 615 So.2d 1336, 1337.
Ordering victim restitution, even as a condition of probation, is problematic under the facts of this case. Although charged with a felony theft over five hundred dollars, a violation La. R.S. 14:67(B), the defendant was only convicted of the misdemeanor offense of attempted theft over five hundred dollars, punishable under La. R.S. 14:27(D)(2). The defense has argued on appeal for application of a per se rule that because he was convicted of an attempted theft, he cannot be compelled to pay restitution for the object of a completed theft. While his position may be arguable under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), as an intermediate appellate court we are bound to apply the Louisiana Supreme Court’s holding in State v. McGloster, 303 So.2d 739 (La.1974) in affirming the imposition of the condition of payment of restitution. In McGloster, the defendant was convicted of the attempted unauthorized use of a credit card, and his one-year sentence was suspended on the condition that restitution be made. The defendant asserted that requiring restitution for the attempted unauthorized use of a credit card was illegal. The court disagreed, finding that La. C. Cr. P. art. 895(A)(7) authorizes a trial court to require a defendant as a condition of probation to make reasonable restitution to the aggrieved parties for any loss caused by the offense. McGloster, 303 So.2d at 739. However, the trial court on remand is afforded the discretion to revisit the defendant’s Blakely argument and, in light thereof, decide anew whether restitution is appropriate in light of the jury’s acquittal of the defendant for the completed offense.